## ALABAMA & G. MANUF'G CO. et al. v. ROBINSON.[1]

(Circuit Court of Appeals, Fifth Circuit. January 14, 1896.)

### No. 426.

**1. MORTGAGE FORECLOSURE—REVERSAL AFTER SALE—RESTITUTION.**

There is no substantial difference in the basis on which restitution is required at law and in equity. It is ordered at law when conditions existing would require it in equity, and the law courts can protect the equities of all the parties. It may be refused at law because its processes are not adequate to do full justice in the premises; and in equity the matter rests somewhat in the sound discretion of the chancellor, who may, when the equities require or justify it, impose conditions, as a prerequisite to the relief.

**2. SAME—FORECLOSURE DECREE.**

It is not necessary, and is often impracticable, to exactly and minutely adjust all the disputed claims of original parties and interveners, growing out of foreclosure proceedings, before ordering a sale. The court has full power in the premises, and the matter rests in the sound discretion of the chancellor.

**3. SAME—SALE—RESTITUTION ON CONDITIONS—RESALE.**

A decree foreclosing a trust deed given to secure bonds was reversed after the property had been sold. It appearing that the purchasers were holders of nearly 90 per cent. of the mortgage bonds, the court below ordered restitution of the property, on condition, however, that the defendants should repay the amount of cash paid into court by the purchasers, and which had been distributed, partly in payment of costs and expenses. The condition was not complied with, and the purchasers remained in possession. In the meantime it was ascertained by further proceedings, in accordance with the decree of reversal, that part of the bondholders were entitled to have their lien enforced. The court then, on the theory that the purchasers must have taken the property subject to the lien of the bonds last found entitled to enforcement, ordered a resale, reserving the right to protect the interests of all parties in the distribution of the proceeds. *Held*, on appeal, that it was within the discretion of the court to require repayment of the cash deposit as a condition of ordering restitution; that it was not necessary, as a prerequisite to imposing such condition, that an account should have been taken of the receipts and expenditures of the property while in possession of the purchasers; and that there was no error in the decree ordering a resale of the property, although the costs and expenses growing out of the previous sale had not yet been fully ascertained.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

This was a suit in equity by J. J. Robinson, trustee, against the Alabama & Georgia Manufacturing Company, the Huguley Manufacturing Company, and William T. Huguley, to foreclose a trust deed given by the first-mentioned company. A demurrer to the bill was overruled (48 Fed. 12), and a decree of foreclosure was entered. An appeal was allowed to defendants, but was not prosecuted, and no supersedeas bond was given within the time allowed by law. Afterwards, however, an appeal was taken without supersedeas, but between the allowance of the first and second appeals the property was sold under order of the court. Upon the second appeal the circuit court of appeals reversed the decree of foreclosure because some of the bondholders had waived the default, and were not entitled to enforcement of their lien, and directions were given for further proceedings below to ascertain which of the bondholders were entitled to enforce the trust deed and the amount of their claims. 6 C. C. A. 80, 56 Fed. 690. On the coming down of the mandate, defendants moved for a restitution of the property, which was granted upon condition that they pay into court, for the benefit of the purchasers, the sum of $10,000.

[1] Rehearing pending.

which amount had been paid by the purchasers in cash at the time of the sale, and had been consumed in paying expenses of the sale, and 'n paying certain bondholders who refused to join in the agreement to purchase the property. This condition was not performed by the defendants, and the property remained in the possession of the purchasers. In accordance with the decision of the circuit court of appeals, the circuit court proceeded to ascertain the bonds which were entitled to payment, and thereafter ordered a resale of the property, considering that the purchasers at the original sale took the same subject to the lien of the bonds last found entitled to enforcement. The court reserved the right, by proper orders, to control the proceedings so as to fully protect the rights of all parties in the distribution of the funds arising from the second sale. 67 Fed. 190. From this decree the Alabama & Georgia Manufacturing Company, the Huguley Manufacturing Company, and William T. Huguley have appealed.

John M. Chilton, Allen Fort, Hall & Hammond, and Bigby, Reed & Berry, for appellants.

Dorsey, Brewster & Howell and B. F. Abbott, for appellee

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

McCORMICK, Circuit Judge. This case was before us at a former term. The proceedings in it up to that hearing are sufficiently stated in the report of our decision. Manufacturing Co. v. Robinson, 13 U. S. App. 359, 6 C. C. A. 80, 56 Fed. 690. We affirmed the action of the circuit court in overruling the demurrers to the bill; in holding that such default had been made in the payment of interest as entitled the holders of the bonds to declare them mature and obtain foreclosure and sale. But, as it appeared that a considerable number of the holders had waived this default by subsequently accepting the interest, we held that the bonds on which the interest was so received were not, at the time the bill was filed, subject to be declared mature, and that the circuit court should have had an account taken, and found what amount had become due by the election of holders who refused to waive the default. And because the decree passed had found and adjudged that the whole issue of bonds had matured, and had required that the whole amount so found to be due be paid into court within a certain short time, or otherwise the mortgaged property should be sold by a commissioner, and on terms named in the decree, it, on this ground, was reversed, and the case remanded to be proceeded with in accordance with the views we expressed. Such further proceedings have been had as resulted in the decree of March 30, 1895, from which the defendants therein have prosecuted this appeal. After the passing of the decree from which the former appeal was taken, the defendants had applied for an appeal, endeavored to obtain a supersedeas, and, failing to furnish the required security within the time limited for procuring a supersedeas, took no steps to perfect an appeal without supersedeas until after the mortgaged property had been sold under the decree, the sale confirmed, and the proceeds of the sale distributed to the beneficiaries. When the case returned to the circuit court the defendant manufacturing companies moved that court to order restitution of the property, on the ground that the purchasers were parties to the suit, and benefi-

ciaries under the decree, to such an extent and in such manner that the conditions existing at the time of the passing of the reversed decree could be, and should be, restored. On the matters set up in this motion, and in the answers thereto, issue was joined, reference was made to the master, proof taken, and on the coming on to be heard of his report a decree was passed ordering restitution to be made, provided the movers, within a given limited time, should pay into court $10,000, which payment was adjudged requisite to enable the court to do full equity between the parties. This condition was not met. No such payment, or tender of that or of any amount, was made at any time. Reference was ordered to the master to report forthwith the amount of principal and interest due on the bonds, and which of the bonds were due at the filing of the bill, and by whom held at the time of taking the account. After the coming in of the master's report on this reference the circuit court passed its decree making the findings which we had held were requisite, fixing the time within which the amount found to have been due at the filing of the bill should be paid into court, and adjudging that if it was not so paid the property should be sold according to the terms of the decree. Only the Alabama & Georgia Manufacturing Company, the Huguley Manufacturing Company, and William T. Huguley, defendants in the bill, have appealed. They cannot and do not complain that the court ordered restitution of the property. We are therefore relieved from inquiring into and deciding whether the case was one calling for restitution, as the appellants insist that it was, the court held that it was, and the other parties affected have not appealed. But the decree that the defendants have restitution was passed on condition that "they deposit with the registry of this court, within thirty days from this date [September 22, 1894], the sum of ten thousand dollars; the same being the sum paid into the court by L. Lanier, A. T. Dallas, and J. T. Kirby, the purchasers of said property." And although this condition was not satisfied, and the order for restitution was therefore not enforced, the court proceeded to decree a foreclosure and sale, with due opportunity to defendants to make payment of the matured mortgage debt, and due reservation to the court to fix, by other and further orders and decrees, the rights of all parties growing out of the previous sale, and the intermediate operation and use of the mortgaged property. This property was a large and going factory for the manufacture of cotton goods, employing many operatives, carrying a considerable stock of "quick assets, requiring competent, careful, and responsible handling. Restitution had been ordered because the purchasers were shown to have owned nearly 90 per cent. of the first mortgage bonds. The funds of these parties, to the extent of the value of the bonds, were in the custody of the court,—an ample pledge for the proper care and operating of the property, and accounting for its proceeds. Under the previous order of the court, these purchasers had deposited with the master commissioner $10,000 in cash in addition to the first mortgage bonds which they owned, and this had been distributed under, or in accordance with, the decree of the court. That

decree was reversed so far as it improvidently ordered the sale of the mortgaged property. The cost of advertising that sale was $250. The fee of the commissioner who made the sale was $400. Other small items of cost may have grown directly out of the sale, and become embraced in the other court costs. Issue may also be joined as to the liability of the mortgaged property for counsel fees. These matters have not been finally passed on, and the condition of the proceedings are not and have not been such, since the remanding of the case, as to require that these matters arising in the progress of the proceedings should be finally passed on before decreeing a foreclosure and sale to satisfy the bonds.

In like manner, the claim that an account of receipts and expenses resulting from the custody and operation of the mortgaged property should have been ordered and taken before imposing the condition on which restitution was to be had, or ordering foreclosure and sale, cannot be sustained. There is no substantial difference in the basis on which restitution is required at law and at equity. It is ordered at law when conditions existing would require it at equity, and the law courts can protect the equities of all of the parties. This relief may sometimes be refused at law because its processes are not adequate to do full justice in the premises, and even equity has to dispense justice by stages, the due order of which necessarily rests somewhat in the sound discretion of the chancellor. The defendants in this bill, while in possession of all the mortgaged property, had defaulted for more than six months on the payment of the interest due on the bonds. They had, while still in the possession of the property, been unable to give a $10,000 bond to procure a supersedeas. All the conditions were substantially shown by the record of the previous proceedings. The bonds that were paid pro rata were not mature, under our view of the law, at the time the payment was made; but the president of one of the defendant companies, the one which alone had a subsisting interest in the property, had received a part of this payment, and did not tender it back and have the credit on his bonds canceled. It can hardly be questioned that a considerable part of the court costs paid out of the $10,000 in cash deposited with the master commissioner was a proper charge against the mortgaged property. The essence and the environment of the case, if they did not require, fully justify the ruling of the chancellor that the possession of the property should not be restored to the defendants unless they, within the time designated, should pay into the registry of the court the sum which the court had received in cash from the purchasers and had disbursed. We do not appreciate the suggestion that $10,000 of minted money was not counted or weighed into the registry, or into the hands of the master commissioner. It is manifest that the terms of the former decree in this respect were substantially, if not literally, complied with by the purchasers at the sale. Though the court does not hold the property by a receiver, it is, for all the purposes of this suit, as fully in the custody and control of the court as if it were held by a receiver. Its operation is necessary to the preservation of its value, if not to the pres-

ervation of its material fiber. While continued operation is thus necessary to the preservation of the property, it is greatly embarrassed by this litigation, and the good-faith interest therein of all parties will be promoted by a speedy sale binding on all. It was necessary "that there should be declared the fact, nature, and extent of the default which constituted the condition of the breach of the mortgage, and which justified the complainant in filing his bill to foreclose it, and the amount due on account thereof, which * * * the mortgagor is required to pay within a reasonable time, to be fixed by the court, and which if not paid a sale of the mortgaged premises is directed." Railroad Co. v. Fosdick, 106 U. S. 47–70, 1 Sup. Ct. 10. But it is not necessary, and often is not practicable, to exactly and minutely adjust all the disputed claims urged by original parties or interveners, growing out of the foreclosure proceedings, before ordering a sale of the mortgaged property. The matter clearly rests in the sound discretion of the court. There is no lack of power in the court. Bank v. Shedd, 121 U. S. 74–87, 7 Sup. Ct. 807. The circuit court having decreed that the defendants were entitled to restitution on condition, which decree was not fully executed because the condition was not met, and having decreed a foreclosure and sale of the property, will, of course, have an account taken of the proper receipts and disbursements incident to the custody and operation of the mortgaged property, and of the rents and profits earned, or that should have been earned, since its delivery to the purchasers under the former sale, and make such further orders in reference to the conflicting claims of parties, in the distribution of the proceeds of the sale, and ultimate settlement of the proceedings, as to justice and equity may appertain. The decree appealed from is affirmed.