[No. 11697.   In Bank. — December 27, 1888.]

BANK OF NAPA, RESPONDENT, *v.* C. H. GODFREY, APPELLANT.

FORECLOSURE OF MORTGAGE — MATURITY OF INSTALLMENTS AND PRINCIPAL DEBT AFTER SUIT — PLEADING — FINDINGS. — When an unverified complaint in a foreclosure suit avers that the whole debt secured by the mortgage is due, but shows by the terms of the note and mortgage set out in the complaint that only one installment of interest is due, and that other installments and the principal debt will fall due in future, and the answer is a general denial, a finding of the facts as they appear by the terms of the note and mortgage is within the issues, and under the general prayer for relief the plaintiff is entitled to any relief consistent

with the facts pleaded, and a decree is proper which provides for a sale of so much of the mortgaged premises as may be necessary to pay the installment due, and that hereafter as more shall become due, plaintiff may apply for a decree that more of the mortgaged premises be sold.

ID. — PRACTICE — PETITION — MOTION. — The proper practice under the code is to apply by motion, and not by petition, for a sale of more of the mortgaged premises as often as more becomes due for principal or interest. An amended petition is not authorized, but may be treated as a motion, and a demurrer thereto which sets forth no ground of demurrer known to the code is properly overruled.

ID. — FAILURE·TO SELL FOR FIRST INSTALLMENT — FUTURE SALE — CONSTRUCTION OF CODE. — The failure to sell any portion of mortgaged property under a decree of sale for a first installment of interest will not prevent a sale of the whole property on motion, when the unmatured portions of the note fall due. The provision of the code authorizing the court on motion to order more to be sold, after a previous sale of sufficient of the property to pay the amount due, is construed to be for the benefit of the debtor, and not to impose upon him the cost of several sales.

APPEAL from a judgment of the Superior Court of Napa County, and from an order overruling a demurrer.

*F. E. Johnston*, for Appellant.

*G. W. Towle*, and *E. D. Ham*, for Respondent.

WORKS, J. — On the nineteenth day of March, 1885, the plaintiff brought this suit to recover on a promissory note for twelve hundred dollars, bearing date February 7, 1884, payable two years after date, with interest at the rate of eight per cent per annum, payable semi-annually, and to foreclose a mortgage given to secure the payment of the same.

The complaint is in the usual form, and alleges that the whole amount of the note is due and unpaid except certain items of interest, which are stated. The prayer is, that "the usual decree may be made for the sale of the premises, by the sheriff of said county, according to the law and the practice of this court," and for the sale and application of the proceeds in the usual form. The complaint was not verified, and the answsr is a general

denial. The court found that there was due on the note
a semi-annual installment of interest, amounting to the
sum of $45.60, and interest thereon; that by the terms of
the note and mortgage there would become due on the
seventh day of August, 1885, a like installment of inter-
est; and on the seventh day of February, 1886, another
of said installments of interest, together with the whole of
the principal of said note, would become due and payable;
and fixed the attorney's fees at fifty dollars. The decree
of the court was in accordance with these findings, and
adjudged "that all and singular the mortgaged premises
mentioned in the said complaint and hereinafter de-
scribed, or so much thereof as may be necessary to raise
the amount due the plaintiff for the interest now due
and costs in the suit, and expenses of sale and attorney's
fees, be sold according to law," etc. "And it is further
adjudged and decreed that hereafter as more shall become
due, according to the terms of said note and mortgage,
and remain unpaid, the plaintiff may apply to the court
for a decree that more of the mortgaged premises be sold
to satisfy the same, with costs and attorney's fees."

On the fifteenth day of March, 1886, after the whole of
said note, principal and interest, had become due, the
plaintiff filed in the court below what is termed an
"amended petition," reciting fully the proceedings had
in the cause, and alleging that the other installments of
interest and the principal of said note had become due,
and the amounts thereof, and that no sale had been made
under the former decree of the court; that the same re-
mained wholly unexecuted, and that the mortgaged
premises were worth less than the amount due. The
prayer of this pleading is, "that the former decree, so far
as it relates to the sale of the whole or any part of the
mortgaged premises, be vacated and set aside," and for
a second decree of foreclosure.

The defendant demurred to this "petition," on the
ground that it did not "state facts sufficient to authorize

the court to grant the relief prayed for, or any relief whatever."

The demurrer was overruled, and the defendant, failing to answer over, a default was entered against him, and the court entered a second "judgment and decree," reciting the amounts which had become due on the note since the former decree, and ordering the sale of the "unsold portion" of the real estate in the usual form. The former decree was not vacated as prayed for. The defendant appeals from both of the judgments, and from the order overruling the demurrer to the amended petition, and brings the case up on the judgment roll.

We have set out these proceedings thus fully, not that they may be adopted as models of correct practice, but that the questions presented and decided may be better understood.

The first point made by the appellant is, that so much of the findings and decree of the court, first entered, as relate to the installments of interest and the principal not due, are outside of the issues, and the findings cannot, for that reason, support that part of the decree adjudging the time when these several amounts would become due, and authorizing the plaintiff to apply for a sale of the property remaining unsold for their satisfaction as they matured.

This contention is based upon the assumption that the complaint does not allege the facts showing when these unmatured portions of the note would become due, and that therefore the judgment could only be for the amount of interest actually due, and for the sale of the property, or so much thereof as might be necessary to satisfy the same. Arguing from these premises, it is further contended that as there were no valid findings or decree for the future sale of the property, or any part of it, to satisfy the sums of money not yet due, there was no foundation for the subsequent proceedings by which a second decree of sale was given, and therefore de-

fendant's demurrer to the amended petition should have been sustained.

In the original complaint it was alleged that the whole amount called for by the note sued on was due at the time of the commencement of the action, and a sale of the land for the satisfaction of the whole was asked for. But the note and mortgage were set out in full, and showed that only a part of the debt was due, and when the balance would mature. The prayer of the complaint being general, the plaintiff was entitled to any relief consistent with the facts pleaded. (*Truebody* v. *Jacobson*, 2 Cal. 269; *Hall* v. *Lonkey*, 57 Cal. 80.) The real issues in the case, as presented by the pleadings, were whether or not the plaintiff was entitled to recover upon the note, and to a foreclosure of the mortgage *according to their terms.* The fact that plaintiff treated the whole of the amount of the note as being due did not make it so, as against the terms of the note set out in and made a part of the pleading, nor could the issues be thereby confined to the mere question whether the note was then due or not. The court below found the facts in accordance with the instruments which were the foundation of the action. The findings were strictly within the issues as we construe the pleadings.

This being true, the question is presented, What were the rights of the plaintiff under the findings and the judgment based upon them, authorizing a subsequent decree of sale for the unmatured portions of the note as they fell due? The code provides: "If the debt for which the mortgage, lien, or encumbrance is held is not all due, so soon as sufficient of the property has been sold to pay the amount due, with costs, the sale must cease; and afterward, as often as more becomes due, for principal or interest, the court may, on motion, order more to be sold. But if the property cannot be sold in portions, without injury to the parties, the whole may be ordered to be sold in the first instance, and the entire

debt and costs paid, there being a rebate of interest where such rebate is proper."

We are quite clear that the decree of the court, showing the amount due, and the sums yet to become due, was proper.   Under the section quoted, the plaintiff was authorized to move the court for a sale of sufficient of the property to satisfy each of the unmatured installments as they fell due. The "amended petition" was not authorized, if it must be treated as a complaint.   There is no such pleading known to our practice in this class of cases as a petition, but if it had been properly named, the pleading, treated as such, was entirely out of place, being filed after the case had been disposed of by a final decree.   The proper practice on the part of the plaintiff would have been to have filed in the court below a *motion* reciting the proceedings in the case, and that other installments of the money due upon the note had matured, and asking for a sale of the property, or enough thereof to satisfy the amount due.   We are not inclined to be technical, however, under the circumstances of this case, and therefore hold that the "petition" filed may properly be treated as such a motion as the code authorizes, and that as such it was sufficient, and the demurrer to it, which sets forth no ground of demurrer known to the code, was properly overruled.

The appellant claims that the court had no power to make the order for the sale, because no sale had been made to satisfy the amount found to be due when the suit was commenced.   This position is based upon the language of the section above quoted, "*as soon as sufficient of the property has been sold to pay the amount due*, with costs, the sale must cease, and *afterwards*, etc., the court may, on motion, order more to be sold."

We construe this to be a provision for the benefit of the debtor, to prevent the sale of more of his property than is necessary to pay the amount due.   But here, instead of selling a part of the land to satisfy the amount

due, and then ceasing, he forbears and sells none at all. It would be a strange perversion of justice to hold that the forbearance of the creditor to enforce the collection of the amount due, and thereby impose upon the defendant the cost of several sales, must lose him his whole debt. We cannot give the section such a construction.

It is evident to our minds that the appellant is seeking the aid of this court to avoid the payment of a just obligation, and while we cannot commend the course taken to enforce its payment, we hold that the statute has been substantially complied with, and the proper result has been reached.

The judgment and order appealed from are affirmed, with ten per cent damages.

SHARPSTEIN, J., SEARLS, C. J., McFARLAND, J., PATERSON, J., and THORNTON, J., concurred.

Rehearing denied.