[L. A. No. 555.   Department One.—October 6, 1899.]

OLIVE A. BYRNE, Respondent, v. ABRAM HOAG et al., Appellants.

FORECLOSURE OF MORTGAGE—DEFAULT IN INTEREST—NONMATURITY OF PRINCIPAL—LIMITED JUDGMENT—SUBSEQUENT ORDERS ON MOTION.— There can be but one action to foreclose a mortgage; and, if a foreclosure suit is begun upon default in payment of interest, in accordance with a provision therefor in the mortgage, which did not provide for maturity of the debt upon such default, the judgment can only provide for a sale to pay the interest then found to be due; and the remedy for subsequent defaults in payment of interest or principal, is, under section 728 of the Code of Civil Procedure, to move for a subsequent order or orders of sale of the mortgaged premises therefor.

ID.—PLEADING—CLAIM OF ENTIRE FORECLOSURE—DESCRIPTION OF NOTE AND MORTGAGE—SUPPORT OF JUDGMENT.—The fact that the complaint upon the note and mortgage treated the whole amount of the note as being due does not make it so, and is immaterial, where it appears from the terms of the note and mortgage described in the complaint that only a portion of the interest is due, and not the principal; and in such case there is no issue upon which judgment for the entire debt could be supported.

ID.— RESERVATION IN LIMITED JUDGMENT NOT NECESSARY — STATUTORY POWER OF COURT.—It is not necessary that the limited judgment of foreclosure for nonpayment of interest should expressly reserve the power to make a future order of sale upon a subsequent default in interest or principal. Section 728 of the Code of Civil Procedure supplies any omission in the judgment, and authorizes future orders of the court until the entire mortgaged premises are sold in satisfaction of the debt.

ID.—APPEAL FROM ORDER OF SALE AFTER JUDGMENT — LIMITATION OF TIME.—An order of sale of the mortgaged premises for the entire debt after its maturity, made upon motion after judgment of foreclosure and sale for nonpayment of interest, is appealable only as an order made after judgment, and within sixty days from the entry thereof.

ID.—DESCRIPTION OF ORDER AS "DECREE OF FORECLOSURE."—The fact that such order of sale, made upon motion, was entitled "decree of foreclosure and order of sale," does not make it a final judgment from which an appeal may be taken within six months from its entry. The character of the court's action or direction is to be determined by the nature of the action itself, considered in the light of the authority conferred upon the court, rather than by what its action has been designated by the court.

ID.—SHOWING UPON MOTION—ADMISSION OF FACTS—TECHNICAL IRREGULARITY—SUBSTANTIAL COMPLIANCE WITH STATUTE.—Where the showing of merits upon the plaintiff's motion for an order of sale is not controverted, the facts must be deemed admitted; and the defendant will not be permitted upon appeal to evade a just obligation on account of a technical irregularity in the proceedings, if it appears that the statute has been substantially complied with, and a proper result has been reached.

APPEAL from an order of the Superior Court of Riverside County directing the sale of mortgaged premises, upon motion, after an original judgment. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Charles R. Gray, for Appellants.

Purington & Adair, for Respondent.

HARRISON, J.—The appellants executed to the respondent their promissory note for two thousand dollars April 27, 1892, payable three years after date, with interest payable semi-annually, and as security for its payment executed at the same time a mortgage upon certain real property, with a provision therein for its foreclosure in case of default in the payment of the note, or of any instalment of interest when due thereon. There was no provision that the note should be deemed to have matured in case of any default in the payment of interest. October 6, 1893, the first instalment of interest not having been paid, the respondent commenced an action for the foreclosure of the mortgage, alleging in her complaint that the entire amount of the sum named in the note, both of principal and for interest, was due. The defendants in their answer denied that any part thereof was due thereon except for the interest then accrued upon the principal sum. Judgment was entered November 27, 1893, for the amount of the interest then due, and directing the sale of the mortgaged premises, or so much thereof as should be necessary to satisfy said amount. No provision was made in the judgment in reference to the amounts subsequently to fall due upon the note. No sale was made under this provision of the judgment, nor was the amount thereof paid. In April, 1897, the plaintiff served upon the defendants, and presented to the court, her affidavit of these facts, and also that since the entry of the judgment the principal sum named in the note, with interest thereon that had accrued since the entry of the judgment, had become due, and had not been paid, and moved the court for an order and decree directing a sale of the property described in the decree of November 27, 1893, to satisfy the amount which had become due on the note since the rendering of said decree. The court granted her motion, and on October 12, 1897, caused to be entered an order entitled "decree of foreclosure and order of sale," by which it determined the amount that had become due upon the promissory note since the entry of the decree of November 27, 1893, and directed a sale of so much of the mortgaged premises as should be necessary to satisfy the same. The defendants have appealed therefrom.

The respondent contends that this court cannot consider the appeal, and that it must be dismissed for the reason that it was not taken within sixty days after the entry of the order appealed from. This involves a determination of the character of the direction of the superior court from which the appeal is taken—whether it is to be regarded as an order or as a judgment. If it is to be considered as a judgment, the appeal therefrom could have been taken within six months from its entry, whereas, if it is an order, it should have been taken within sixty days after its entry.

Section 726 of the Code of Civil Procedure declares: "There can be but one action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real estate or personal property, which action must be in accordance with the provisions of this chapter." In the present case, there has been only one action brought for the foreclosure of the plaintiff's mortgage, and in that action the court by its judgment in 1893 established the validity of the note and mortgage, and directed a sale of so much of the mortgaged premises as should be necessary to satisfy the amount then found to be due. This action was brought to foreclose the mortgage for the entire amount for which it was given, but the note and mortgage were set forth at length in the complaint, from which it appeared that only the interest that had accrued prior to the commencement of the action was due, and the judgment that was rendered therein was limited to directing a sale of enough property to satisfy this amount. *Bank of Napa v. Godfrey*, 77 Cal. 616, was similar to the present case, and the court there said: "The real issues in the case, as presented by the pleadings, were whether or not the plaintiff was entitled to recover upon the note, and to a foreclosure of the mortgage according to their terms. The fact that plaintiff treated the whole amount of the note as being due did not make it so, as against the terms of the note set out in and made a part of the pleading, nor could the issues be thereby confined to the mere question whether the note was then due or not."

The omission to provide in the judgment for a subsequent sale of any portion of the mortgaged premises, in the case of default in the payment of the note or interest thereon as it ma-

tured, is supplied by section 728 of the Code of Civil Procedure, which provides that in such case "as often as more becomes due for principal or interest, the court may on motion order more to be sold." This was the course pursued by the plaintiff herein. After the maturity of the note she presented a "motion" to the court for an order directing the sale of the mortgaged premises to satisfy the amount that had fallen due on the note "since the rendering of the decree," and the court made an "order" accordingly. This action of the court was in accordance with the provisions of section 728 of the Code of Civil Procedure, and was also in sequence of its judgment previously given, and was substantially in accordance with the procedure sanctioned in *Bank of Napa v. Godfrey, supra.* It was taken upon a motion of the plaintiff and after notice to the defendants, in a case in which a judgment had been entered which was still in force, and was based upon an affidavit setting forth matters that had occurred subsequent to the entry of the judgment. Such action of the court is denominated an "order." (Code Civ. Proc., sec. 1003.) It was an order after judgment, and the appeal therefrom should have been taken within sixty days after its entry.

We are the less reluctant to dispose of the appeal upon this question of practice, for the reason that if we were at liberty to consider it upon the merits we should be compelled to affirm the action of the superior court. The grounds chiefly urged in support of the appeal are that the failure to reserve in the judgment of 1893 the right to direct any further sale of the premises deprived the court of such power; that this judgment was a final determination of the rights of the parties to the action, and that the court could render no further judgment therein. As seen above, section 728 of the Code of Civil Procedure supplies this alleged omission in the judgment, and the action of the court was not a further judgment in the case, but was an order subsequent to judgment, which it had authority to make until the entire mortgaged premises had been sold in satisfaction of the debt. The character of the court's action or direction is to be determined by the nature of the action itself, considered in the light of its authority in the premises rather than by what it has been designated by the court.

The defendants had an opportunity to controvert the facts set forth in the plaintiff's affidavit, but offered no evidence therefor, and these facts must be considered as admitted by them. As they chose to rely for their defense upon technical rules of procedure, they cannot complain that similar rules are invoked against them. The proceedings on the part of the plaintiff may not have been conducted with the most strict regard to the provisions of the statute, but, as was said in *Bank of Napa v. Godfrey, supra:* "It is evident to our minds that the appellant is seeking the aid of this court to avoid the payment of a just obligation, and we hold that the statute has been substantially complied with and the proper result has been reached."

The appeal is dismissed.

Van Dyke, J., and Beatty, C. J., concurred.