[S. F. No. 2354.   Department Two. — May 29, 1901.]

THE PEOPLE ex rel. BANK COMMISSIONERS, Respondent, v. BANK OF MENDOCINO COUNTY et al., Appellants.

ACTION UNDER BANK COMMISSIONERS' ACT — INJUNCTION PART OF FINAL JUDGMENT — MODIFICATION — POWER OF COURT. — An injunction restraining a bank, which is part of the final judgment rendered in a suit brought under the Bank Commissioners' Act, adjudging the bank insolvent, and otherwise adjudging as provided in the act, is final, in the strictest sense of the term ; and, after the expiration of the time for appeal from the judgment, without any appeal therefrom, the court has no power to modify the injunction.

ID. — INJUNCTION UNTIL FURTHER ORDER — SETTLEMENT OF BUSINESS OF BANK. — The fact that the injunction, by its terms, was until further order of the court, cannot affect its character as part of the final judgment, and such injunction could not properly be dissolved prior to the closing and settlement of the affairs and business of the bank, as provided for in the act.

ID. — SUPPORT OF JUDGMENT. — The judgment having been duly entered upon sufficient pleadings and findings, it is too late, after the lapse of the time for appeal, to inquire whether it was warranted by the law and the facts of the case.

APPEAL from an order of the Superior Court of Mendocino County refusing to modify an injunction. Albert G. Burnett, Judge presiding.

The facts are stated in the opinion.

T. L. Carothers, for Appellants.

Tirey L. Ford, Attorney-General, and George A. Sturtevant, Deputy Attorney-General, for Respondent.

SMITH, C.—Appeal from an order refusing motion of defendant to modify an injunction. The injunction affected by the motion was part of the judgment rendered March 10, 1896, in a suit of the people against the defendant corporation, under section 11 of the Bank Commissioners' Act, as amended March 26, 1895. (Stats. 1895, p. 173.) The motion was made on two grounds, namely: the one, "that the judgment, . . . by its terms, provides that it be operative only until the further order of the court"; the other, "that the said judgment, in so far as it restrains and enjoins . . . the . . . defendant bank, etc., is not warranted by the law and facts of the said case." It is claimed by the appellants that the judgment in which the injunction was ordered is " an interlocutory order, and not a final judgment"; and the motion, with regard to both the grounds specified, proceeds on this assumption. Otherwise the appeal would not lie, or at least could not be sustained; for the time for appealing from the judgment has long since expired, and—assuming it to be final—it was not in the power of the court to modify it. (Code Civ. Proc., sec. 939, subds. 1, 3.)

On the other hand, even were the judgment *interlocutory,* and hence unappealable,—as not falling within the class of interlocutory judgments mentioned in subdivision 3 of the section,—it would not follow that it would be within the power of the court to modify it. (Code Civ. Proc., secs. 577, 936, 1908.) Possibly a judgment may be *final,* in the sense of the term as used in the sections cited, and yet not *final* as the term is used in section 939. But, under the view we take of the case, it will be unnecessary to consider this aspect of the subject.

We are satisfied that the judgment entered in a case of this character is final in the sense of the term as used in subdivision 1 of section 939 of the Code of Civil Procedure, and therefore appealable. Such a judgment is, in effect, an adjudication that the defendant corporation is insolvent; that it is unsafe for it to continue business; that the property of the corporation—previously sequestered and in the hands of the commissioners—be delivered to the corporation for purposes of liquidation, to be administered by the directors, under the direc-

tion of the bank commissioners; and that the injunction applied for be issued. (Code Civ. Proc., sec. 1908, subd. 2.) This is the only judgment provided for in the act, and is therefore final in the strictest sense of the term. (*Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 577; Bouvier's Law Dictionary, words "Decree" and "Judgment.")

Nor is the case affected by the peculiar language of the judgment, which is, that the defendants be enjoined, etc., "until the further order of this court." Indeed, we are not satisfied that this addition to the usual form of the order is improper.

It is expressly provided in the act that "the affairs of (the) corporation . . . shall be closed, and the business thereof settled within" the time specified in the act; and upon such settlement, and the fact being made to appear, it would doubtless be in the power of the court—or, to speak more cautiously, it would perhaps be in the power of the court—to dissolve the injunction. If such be the case, the clause in question would add nothing to the order that was not implied by the law. But, however this may be, the character of the judgment was not affected by the language used. It was undoubtedly final; and there was no limitation as to its effect with reference to its principal provisions, to which the provision for injunction was merely subsidiary. While these remained in force, the injunction—which was essential to their due execution—could not be dissolved. Nor—even if the court had had power or jurisdiction to dissolve it—would it have been justified in doing so. The authorities cited by the respondent fully sustain this proposition. (*Woffenden* v. *Woffenden*, 1 Ariz. 328; *People* v. *Gold Run etc. Co.*, 66 Cal. 155.)

Still less can the second ground of the appellants be sustained. The judgment was duly entered on sufficient pleadings and findings, and it is now too late to inquire whether it was "warranted by the law and the facts of the case."

The order appealed from should be affirmed.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Temple, J., Henshaw, J.