[Civ. No. 3373. First Appellate District, Division Two.—May 21, 1920.]

## GUS A. PETERSON, Respondent, v. R. W. LIGHTFOOT, Appellant.

[1] PARTNERSHIP—SUIT FOR ACCOUNTING—INTERLOCUTORY JUDGMENT—RIGHT OF APPEAL.—A judgment in a suit for partnership accounting, which provides that the assets of the partnership be sold by a commissioner and, upon the return of the commissioner and the equal division of the assets between the parties, a final judgment be entered, is, in legal effect, a final judgment from which an appeal will lie.

[2] ID.—NATURE OF RELATIONSHIP—EVIDENCE—FINDING.—In such an action, if there is evidence to support the finding of the trial court that the partnership was not one of profits only, such finding is controlling on appeal.

[3] ID.—EQUITABLE JURISDICTION OF COURT.—A suit for partnership accounting is one addressed to the equitable jurisdiction of the court.

.[4] ID.—PARTNERSHIP NAME—WHEN AN ASSET.—In a suit for partnership accounting, a name which had been used by one of the partners prior to the formation of the partnership, but which was worthless when the partnership was formed, is properly considered as a partnership asset where, after the formation of the partnership, it was made valuable by the joint efforts of the partners.

[5] ID.—SECRET RECORDATION OF NAME BY PARTNER—EFFECT OF.—The act of the partner who had used such name prior to the formation of the partnership, after the formation of the partnership, but without the knowledge of his copartner, in causing such name to be registered in the office of the Secretary of State in his own name would not cause any diminution of the rights of his copartner.

APPEAL from a judgment of the Superior Court of San Bernardino County. H. T. Dewhirst, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. A. Alderson for Appellant.

Halsey W. Allen for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment in a suit for partnership accounting. The judgment provided that the assets of the partnership be sold by a commissioner, and upon the return of the commissioner and the equal division of the assets between the parties, a final judgment be entered dissolving the partnership or declaring it dissolved.

[1] The respondent contends that the judgment is a nonappealable interlocutory order. The findings and conclusions of law finally determined the rights of the parties, leaving only the transmutation of the assets into cash and their equal division to be done. The appellant claims that the court was in error in determining that the assets ordered to be sold belonged to the partnership and he claims ownership of them himself. If his contentions in this regard

should be sustained by the appellate court after the sale of his property, he would be without remedy or find himself compelled to resort to a doubtful remedy against the purchaser at the commissioner's sale. For all practical purposes of disposing of the issues tried the judgment was final. "The question, as affecting the right of appeal, is not what the form of the order may be, but what is its legal effect." (*Estate of West,* 162 Cal. 352, [122 Pac. 953]; *Byrne* v. *Hoag,* 126 Cal. 283, [58 Pac. 688]; *People* v. *Bank of Mendocino County,* 133 Cal. 107, [65 Pac. 124]; *Clark* v. *Dunnam,* 46 Cal. 204.)

[2] There was no written agreement by which the partnership was formed. From the oral testimony of the partners and others, the trial court found that the claim of the appellant that the partnership was one of profits only was not sustained. There was evidence to support this finding and it is controlling on this appeal. The appellant states that there is but one question to be determined, and that is whether the name "Redlands Auto Service" was a part of the assets of the partnership.

From the findings it appears that in May, 1914, the defendant purchased an automobile on which he caused to be painted the name in question. For about three weeks he operated the machine for hire under that name to designate the business in which he was engaged. In June he associated with himself, his brother, who owned another automobile, which was thereafter similarly used. The partnership business was operated under the firm name of "Redlands Auto Service." Shortly after, during the same month, the plaintiff became a member of the partnership, he contributing $640 to the common fund, that being the value of each of the machines then used in the business. In April, 1915, the defendant's brother sold his interest to the partnership, then composed of the parties to this suit. Thereafter the business was carried on under the same name it had been carried on from the time the first partnership was formed. In December, 1914, while the partnership was composed of the three men, the defendant caused the name "Redlands Auto Service" to be registered in the office of the Secretary of State in his own name. This was done without the knowledge of the plaintiff, who was not informed of the fact until after the dissolution of the partnership in July, 1918.

During all the intervening time the business of the partner-
ship was carried on under that name. It was further found,
and the finding is supported by the evidence and by reason-
able inferences therefrom, that at the time of the formation
of the partnership the name had no value, but by the
joint efforts of the partners in conducting the business from
June, 1914, to July, 1918, when the partnership was dis-
solved, "the goodwill of the partnership business, including
the right, title, and interest of said partnership in said firm
name, became, and at the time of the dissolution of said
partnership was, and now is, of the value of $800."

The appellant's contentions that the adoption and use of a
trade name immediately fixes its status as personal property,
and that a single act of use with the intent to continue that
use confers a right in the original user may be conceded
without affecting the propriety of the judgment. [3] The
suit for partnership accounting is one addressed to the
equitable jurisdiction of the court. (*Andrade* v. *Superior
Court*, 75 Cal. 459–463, [17 Pac. 531].)

[4] Under the facts found, even though the name was
originally owned by the appellant, the court, in adjusting
the respective interests of the parties, properly considered
all the circumstances. The name, which had been used
for three weeks, was of no value. The respondent went into
the business carried on by the appellant at the request
of the latter as a partner. It was agreed that the appel-
lant's automobile, which had value, should be used in the
business, but the ownership retained. It was also agreed
that the money invested in the business by the respondent
should be used for the purchase of a machine. Before the
termination of the partnership each of the partners had in
use in the business two automobiles owned by them sep-
arately. On dissolution each retained his own tangible prop-
erty. The name which was worthless when the partnership
was formed was an asset and apparently the only asset of
the business at that time. It was made valuable by the
joint efforts of the two partners. If it had been some other
kind of tangible personal property so worthless as not to
have been the subject of agreement, but a part of the
business establishment when the partnership was formed,
and had had bestowed upon it the work of both partners
for a period of three years, in use constantly as partnership

property and without claim by the original owner, until at the time of the dissolution it came to have a substantial value produced solely by their joint work, it would be manifestly inequitable that it should be given to one only of the two who had produced the value.

[5] It is said in the appellant's brief that the recordation of the name added nothing to his common-law rights. Neither could the secret recordation of the name by the appellant cause any diminution of the rights of his partner. The relationship was confidential and the recordation by one of the partners of the name under which the partnership had been doing business for six months, in contemplation of law, was in the interest of the partnership.

From an examination of the entire record it does not appear that incidental matters touched upon in the briefs require notice here.

The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.