[Civ. No. 13703. Second Dist., Div. One. Sept. 25, 1942.]

A. CAMINETTI, JR., as Insurance Commissioner, etc., Appellant, v. IMPERIAL MUTUAL LIFE INSURANCE COMPANY (a Corporation), Respondent.

Earl Warren, Attorney General, John L. Nourse, Deputy Attorney General, and Peery Price for Appellant.

Charles R. Thompson and Sherman & Sherman for Respondent.

WHITE, J.—Respondent moves to dismiss an appeal taken from what is designated and titled an "interlocutory judgment" rendered against appellant in the above entitled action. The record before us discloses that on June 16, 1941, appellant, acting in his official capacity as Insurance Commissioner of the State of California, filed an application pursuant to the provisions of section 1011 of the Insurance Code for the appointment of a conservator and directing said Insurance Commissioner as such conservator to take possession of respondent Imperial Mutual Life Insurance Company, a corporation. Upon issuance of such order, appellant commissioner took possession of the books, records and property of respondent insurance company and proceeded to conduct, as conservator, respondent's insurance business. Thereafter, and pursuant to the provisions of section 1012 of the Insurance Code, respondent insurance company made application to the superior court for an order permitting it to resume title and possession of its property and the conduct of its business. The last mentioned code section provides that the order granted pursuant to section 1011 of the Insurance Code shall continue in force and effect until an application such as was made by respondent insurance company herein is filed, and "it shall, after a full hearing, appear to said court that the ground for said order directing the commissioner to take title and possession does not exist or has been removed and that said person can properly resume title and possession of its property and the conduct of its business."

Upon conclusion of such hearing the superior court rendered its judgment, denominated "interlocutory", wherein it was recited that the ground for the commissioner's action in taking over the respondent's business did not exist or had been removed, and that the insurance company could properly resume possession of its property and conduct of its business; that the order issued by the court on June 16, 1941, in accordance with Insurance Code, section 1011, appointing the commissioner as conservator, be terminated and cancelled and the conservatorship created by such order be dissolved; and

that the said insurance company take immediate possession of its properties; that the commissioner forthwith restore such properties to respondent. Following the foregoing, the judgment provided:

"The court retains jurisdiction of the matter for the purpose of entering a final judgment, upon motion of either party or on the court's own motion, such final judgment to make final disposition of this proceeding and the property and affairs of the respondent company, and which final judgment may be in accord with the interlocutory judgment or different therefrom, depending upon such further showing as may be made to the court.

"That until such final judgment shall have been entered, this court retains complete jurisdiction in the premises and in these proceedings for all purposes, including the making, upon proper showing, of any other or further appropriate order, and the amending or vacation of this interlocutory judgment.

"The matter is now continued on the court's calendar until February 10, 1943, at 10 o'clock a. m., or as soon thereafter as counsel can be heard, in department 12 of this court, for the presentation of such supplementary evidence, the hearing of such argument, and the making of such motions as may be meet and proper in the premises, with the right reserved to either party, however, to have set on the court's calendar at any time convenient to the court in the meantime, any matter appropriate to the premises."

In support of its motion to dismiss the appeal herein respondent urges that section 963 of the Code of Civil Procedure authorizes an appeal from only a final judgment in an action unless an appeal from an interlocutory judgment is expressly allowed by statute. If the judgment herein be an interlocutory one, it must be conceded that an appeal therefrom is not authorized by statute. The problem presented, therefore, is whether the judgment may be regarded as an interlocutory or as a final adjudication of the issues presented at the hearing. The character of the judgment is not to be determined by the label attached to it by the court, but by the substance and effect of the adjudication made by it. (*Howe* v. *Key System Transit Co.*, 198 Cal. 525, 531 [246 Pac. 39]; *Peterson* v. *Lightfoot*, 47 Cal. App. 646, 648 [191 Pac. 48].) But one final judgment is contemplated by law, and in defining what constitutes a final judgment, our

Supreme Court, in the recent case of *Bank of America* v. *Superior Court*, 20 Cal. (2d) 697, 701 [128 P. (2d) 357], quotes with approval the following language taken from *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 557, 577 [33 Pac. 633]: "There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it is entered, and finally determines the rights of the parties in relation to the matter in controversy."

We are persuaded that in the instant case the judgment effectively and decisively disposed of every issue tendered between the parties. By instituting the proceeding under section 1011 of the Insurance Code, the commissioner was placed in possession of the property and in control of the business conducted by respondent company. In filing its application under section 1012 of the Insurance Code, issue was joined by respondent as to whether grounds continued to exist warranting the commissioner to remain in control of respondent's business. In other words, the only question before the court was the right of appellant commissioner to operate respondent's insurance business, or whether the control and operation of such business should be withdrawn from the commissioner and restored to respondent. In the precise words contained in section 1012 of the Insurance Code the court expressly found in favor of respondent insurance company and directed dissolution of the conservatorship and ordered the commissioner to restore the property and business to the company. This completely and effectively exhausted the jurisdiction of the court. Every question at issue was settled and determined. ▇▇ Moreover, the judgment or order of the court was not stayed by appeal. (*Carpenter* v. *Pacific Mutual Life Ins. Co.*, 13 Cal. (2d) 306, 310 [89 P. (2d) 637].) ▇▇ When, therefore, as here, the judgment decided the right to the property and control of the business in contest and directed the commissioner to deliver up the same to respondent insurance company, and the latter was entitled to have such order carried immediately into execution and effect, the judgment must be regarded as a final one, to the extent of allowing an appeal therefrom. (*Forgay* v. *Conrad*, 6 How. 201 [12 L. Ed. 404, 406]; *Rossi* v. *Caire*, 174 Cal. 74, 78 [161 Pac. 1161].)

We are not here concerned with a case where the property, books, moneys and business were to be delivered to a receiver or to be held in trust to be delivered to a new cus-

todian or conservator, and where the same would be kept within the control of the court, but are confronted with a situation where, under the law (Ins. Code, § 1012), the Insurance Commissioner was directed to return the property and business to the insurance company, with plenary power vested in the latter thereafter to control and operate the same as it might see fit. The effect of the judgment now before us was to take the property out of the control of both the commissioner and the court and out of and away from the litigation, so that any subsequent proceeding or order would be futile so far as the subject matter of the controversy was concerned, because the property and business were not thereafter under the court's control. Manifestly, for all practical purposes of disposing of the triable issues, the judgment herein was final; and the question, so far as the right of appeal is concerned, is not what the form of the order may be, but what is its legal effect. If in proceedings such as the one at bar, the court could by inserting in the judgment a provision retaining jurisdiction thereby prevent an appeal, the Insurance Commissioner in such proceedings could thereby be prevented from obtaining a review of the order ad infinitum.

In special proceedings like this, the jurisdiction of the court is limited by the terms and conditions of the statute under which the proceeding is brought. (*Smith* v. *Westerfield*, 88 Cal. 374 [26 Pac. 206].) We find in the statute pertinent hereto no authorization for the course adopted by the court in seeking to maintain control over the insurance company after determining that grounds for the proceedings under the statute no longer existed and that the company was entitled to resume control and operation of its business. The statute confers upon the court authority to continue the order of conservation in effect, but the administration of the insurance company's affairs in that event is vested in the Insurance Commissioner; or the court may conclude that the cause or ground for the commissioner's action in taking over the affairs of the insurance company no longer exists, and thereupon return the business, its property, books and assets, to the control of the company. But nowhere in the statute do we find authority for the court to take over the conservator's duties which are reposed by law in the Insurance Commissioner.

When pursuant to section 1012 of the Insurance Code, the court made the order herein, it exhausted its jurisdic-

tion; the judgment was a final one in a special proceeding of a civil nature, and an appeal therefrom is therefore authorized.

For the reasons herein stated, the motion to dismiss the appeal is denied.

York, P. J., and Doran, J., concurred.