[Civ. No. 8346.  Third Dist.  Dec. 19, 1952.]

NEVADA CONSTRUCTORS, INC. (a Corporation), Respondent, v. MARIPOSA PUBLIC UTILITY DISTRICT, Appellant.

Crossland & Crossland for Appellant.

Worthington, Park & Worthington for Respondent.

VAN DYKE, J.—Motion to dismiss appeal.  Plaintiff and respondent brought action against the defendant and appellant to recover money alleged to be due on a construction contract.  Defendant moved for a summary judgment which motion the court heard and denied.  From the order denying the motion defendant appealed.

Code of Civil Procedure section 963 treats of appeals and, *inter alia*, provides that an appeal may be taken from a final judgment entered in an action or special proceeding commenced in a superior court.  The section also

provides that appeals may be taken from certain orders therein designated. Orders denying motions for summary judgment are not included. Section 437c of the Code of Civil Procedure provides for summary judgments. By this section, and in certain designated proceedings, after answer filed, and if it be claimed that there is no defense to the action or that the action has no merit, the answer may be stricken or the complaint may be dismissed and judgment entered, if it be deemed by the court that there is present no triable issue of fact. The section specifically declares that "a *judgment* so entered is an appealable judgment as in other cases." (Italics added.) But this provision has no application to the appeal here taken. Obviously, where a motion to dismiss the complaint and enter judgment in favor of defendant is granted, or a like motion to strike the answer and enter judgment in favor of plaintiff is granted, and such an order in either case is followed by a formal judgment, a situation is presented which, without the specific appeal provision in section 437c of the Code of Civil Procedure, would have been governed by Code of Civil Procedure section 963, *supra*, declaring the right of appeal from a final judgment. The specific provision in section 437c of the Code of Civil Procedure that "a judgment so entered is an appealable judgment *as in other cases*" added nothing to the existing provision of section 963 of the Code of Civil Procedure; and it must be supposed this provision was inserted by the Legislature simply and solely to make certain what might otherwise have been thought to be uncertain. (Italics added.) A judgment entered when a motion to strike the answer or dismiss the complaint is granted has all the qualities of a final judgment for thereby the proceeding is brought to an end; and except as it may be affected by appellate review the case is concluded and no further proceedings may be had. But if a motion to strike the answer or dismiss the complaint be denied, then the case goes forward to trial and ultimate judgment on the merits; such an order of denial possesses none of the attributes of a final judgment, nor is it one of the orders expressly made appealable by Code of Civil Procedure, section 963.

That section distinguishes between judgments and orders. Further concerning what is meant by the term "judgment" reference may be made to section 577 of the Code of Civil Procedure which states that "A judgment is the final determination of the rights of the parties in an action or pro-

ceeding''; and to section 1003 of the Code of Civil Procedure which provides that ''Every direction of a court, judge, or justice, made or entered in writing, and not included in a judgment, is denominated an order.'' We conclude (1) that the trial court determines the motion by an order, which order is never appealable; (2) that if the motion be granted a judgment in favor of movant follows, which is appealable. Since this appeal was taken from the order denying the motion it must be dismissed.

Appellant argues as follows: 1. The order appealed from was, according to the records of the trial court, a judgment. True, it was so entitled, but ''The question as affecting the right of appeal, is not what the form of the order may be, but what is its legal effect.'' (*Peterson* v. *Lightfoot*, 47 Cal.App. 646, 648 [191 P. 48].) Though on its face denominated a judgment, the adjudication was not a judgment but an order, interlocutory in nature. 2. That although no case in California has been reported dealing with the appealability of an order denying a motion for summary judgment, yet in other states and under other statutes, notably those of New York, such appeals are authorized. As to this contention we think that we must look solely to our own statutes to determine the appealability of such orders, and so looking it is apparent that such orders are not appealable.

The appeal is dismissed.

Peek, J., and Glenn, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1953.