[Civ. No. 23812. Second Dist., Div. One. May 8, 1959.]

ETHEL G. STANTON et al., Respondents, v. J. NORMAN ANDREWS et al., Appellants.

John N. Metcalf and Elon G. Galusha for Appellants.

Erb, French & Picone for Respondents.

LILLIE, J.—Motion to dismiss appeal.

Plaintiffs, respondents herein, filed a complaint for personal injuries and property damage arising out of an automobile accident occurring February 5, 1958. Defendants filed a cross-complaint for damages and thereafter a notice of motion for summary judgment. The motion was heard and denied, and from the order denying the motion, defendants and cross-

complainants appeal. Respondents have filed this motion to dismiss the appeal on the ground that no appeal lies from an order denying a motion for summary judgment.

Appellants, in support of their appeal, rely upon section 437c, Code of Civil Procedure, and contend that the trial court abused its discretion in denying the motion because there exists no triable issue.

■ Although under section 437c, Code of Civil Procedure, a summary judgment may be entered after a complaint is dismissed or an answer is stricken, and provides that "(a) judgment so entered is an appealable judgment as in other cases," such latter provision has no application to an order denying a motion for summary judgment. It declares only the right of appeal from a final judgment, in accord with the specific provision in section 963, Code of Civil Procedure, that an appeal may be taken from any final judgment entered in an action or special proceeding commenced in a superior court. In *Nevada Constructors, Inc.* v. *Mariposa etc. Dist.*, 114 Cal. App.2d 816 [251 P.2d 53], the first California case to decide the issue raised herein, the court stated at page 817: "A judgment entered when a motion to strike the answer or dismiss the complaint is granted has all the qualities of a final judgment for thereby the proceeding is brought to an end; and except as it may be affected by appellate review the case is concluded and no further proceedings may be had. But if a motion to strike the answer or dismiss the complaint may be denied, then the case goes forward to trial and ultimate judgment on the merits; such an order of denial possesses none of the attributes of a final judgment, nor is it one of the orders expressly made appealable by Code of Civil Procedure, section 963."

Section 963 relating to appeals from final judgments also provides that appeals may be taken from certain orders therein designated, which do not include an order denying a motion for summary judgment. Distinguishing between judgments defined in section 577, Code of Civil Procedure, and orders under section 1003, thereof, the court, in *Nevada Constructors, Inc.* v. *Mariposa etc. Dist.*, 114 Cal.App.2d 816, at page 818 [251 P.2d 53] concluded: ". . . (1) that the trial court determines the motion by an order, which order is never appealable; (2) that if the motion be granted a judgment in favor of movant follows, which is appealable. Since this appeal is taken from the order denying the motion it must be dismissed."

In *Schulze* v. *Schulze*, 121 Cal.App.2d 75 [262 P.2d 646], the court, faced with a similar issue arising out of the query

whether an order denying a motion for a summary judgment is a final judgment, held at page 83: "An order denying a motion for summary judgment is not appealable. A judgment entered on an order granting the motion is appealable. (Code Civ. Proc., §§ 437c, 963.) An order denying the motion does not determine any issue. Its effect is merely a finding that there is an issue of fact to be tried. It is otherwise, if the motion is granted. A final judgment for the moving party follows. Denial of the motion is not a final judgment; it is not a final decision on the merits."

The motion to dismiss the appeal is granted and the appeal is dismissed.

White, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied June 2, 1959.