CASE 10.—ACTION BY CARTER WILLIAMSON AND OTHERS AGAINST SANFORD MANN TO RECOVER LAND. —May 21, 1909.

## Williams. &c. v. Mann

Appeal from Taylor Circuit Court.

I. H. THURMAN, Circuit Judge.

Judgment for defendant, plaintiffs appeal.—Affirmed in part and reversed in part.

1. Judgment—Supplemental Judgment—Operation and Effect.— A supplemental judgment entered on the next day after the case was regularly submitted must be taken as a part of the judgment of the court as fully as if it had been entered in the original judgment.

2. Infants—Sale of Land—Equitable Jurisdiction.—The power of a court of equity to sell the land of an infant is wholly statutory, and, except as provided by statute, the chancellor is powerless to do so, and, when he is without jurisdiction, the sale is void.

3.  Infants—Sale of Land Under Order of Court—Validity.—Civ.
    Code Prac. Sec. 490, providing that a vested estate in real
    property jointly owned by two or more persons may be sold
    by order of a court of equity in an action brought by either,
    if each share is worth less than $100, contemplates a sale
    of the whole property, and the court was without jurisdiction
    to sell the undivided interest of infants, subject to a life es-
    tate, without compliance with section 493 and other sections
    designed for the protection of the interests of infants.

4.  Infants—Void Sale of Land Under Order of Court—Estop-
    pel of Infant by Ratification Thereof.—Where, after an infant
    became of age, he collected his part of the purchase money
    arising from a void sale by order of court of his interest in
    land, and allowed a deed to be made therefor, and the gran-
    tee to hold it for many years without asserting claim thereto
    till it had passed into the hands of an innocent purchaser, he
    was estopped thereby to claim an interest in the land.

B. A. RICE and W. L. YOUNG attorneys for appellants.


QUESTIONS DISCUSSED AND AUTHORITIES.

The proceedings had in suit number 1275, attempting to divest
the infants of their title to the land in controversy therein, was
void, because it did not conform to the provisions of the Code of
Practice authorizing a sale of infants real estate.

1. Because appellants, who were defendants to suit number 1275
in equity, were remaindermen, and therefore were not, nor could
not be, in possession of the 24 acres of land as contemplated by
section 490 of the Code; because suit number 1275 was not
brought by the joint owners. The said A. H. Williamson and
Louella Williamson, having simultaneously with the bringing of
said suit number 1275, sold and conveyed for a consideration, one
his life estate, and the other her interest in same, to William
Floyd, and said Floyd was not a party to said suit. Sections 490
and 491 of Code; 112 Ky. R. 373 and 376; Dineen v. Hall, 95 Ky.
R. 93; Malone v. Commonwealth, 15 R. 421; 99 Ky. 271; Swear-
inger v. Abbott, 18 Ky. R. 185; 23 R. 1615; Dineen v. Hall, 26 R.
530; Berry v. Lewis.

2. The judgment in said suit No. 1275 was void, because no
process was served on the infants, who were under the age of 14
years, as required by the Code, so as to get them before the
court. The officers return on summons shows that it was served
by delivering to each of the defendants a copy of same, and the
petition in said suit shows that Carter Williamson was but six

years old, and therefore the court had no authority to decree a sale of said land. Section 52 Code; 1st Metcalf 145; Davidge v. Cotton, 3 Ky. R. 592; Sawyer v. Guscurth, 94 Ky. 336; Harrod v. Singleton, 16 R. 661; Carr v. Elly, 11 R. 6; Warmack v. Low.

3. All the proceedings in suit number 1275 were void, because all the land ordered sold was not sold, nor was it sold as ordered in said judgment. The records in that case show clearly that only three-fifths of said 24 acres were sold, which left two-fifths unsold, with title in appellants in this case. See commissioner's report and deed to Floyd, 23 Ky. R. 1676; Elliott v. Fowler, 98 Ky. 564;. Ogden v. Stephens, 80 Ky. 620; Walker v. Smyser, 112 Ky. R. 376, and cases therein cited.

H. S. ROBINSON for appellee.

### AUTHORITIES CITED.

Black on Judgments, Sec. 197; Black on Judgments, Vol, 1, page 270; Howard v. Singleton, 15 R. 309; Myers v. Pedigo, 24 R. 1923; Kelly v. Wilson, 12 R. 471; Norfleet's Adm'r v. Logan, 21 R. 1200; Garr, &c. v. Elble, &c., 16 R. 661; Louisville Industrial Exposition v. Johnson, 8 R. 328; Seigal v. Reisert, 107 S. W. 747; 32 R. 901; Dennis et al. v. Alves, et al., 113 S. W. 901; Freeman on Judgments, Sec. 125; Newcomb's Ex'or v. Newcomb, 13 Bush, 544; 26 Am. Rep. 222; VanFleet on Collateral Attacks, Sec. 855; Black on Judgments, Sec. 271; Miller v. Farmers Bank, &c., 75 S. W. 218; 25 R. 373; Northington v. Reed, 75 S. W. 206; 25 R. 354; Berry v. Foster, 58 S. W. 709; 22 R. 746; Gulickson v. Bodkin, 78 Minn. 33; 80 N. W. 783; 79 Am. St. Repts. 352; Ryder v. Cohn, 37 Cal. 69; Greenway v. DeYoung, 34 Tex. Civ. App. 583; 79 S. W. 603; Liams v. Root, 222 Tex. Civ. App. 413; 55 S. W. 411; Haupt v. Simington, 27 Mont. 480; 71 Pac. 672; 94 Am. St. Repts. 839.

OPINION OF THE COURT BY JUDGE HOBSON —Affirming.

Louisa Williamson owned 24 acres of land in Taylor county which she inherited from her father. She died about 20 years ago, leaving surviving her, her husband and four children, Louella, Adelina, Bruce, and Carter Williamson. This action was brought by Carter, Adelina, and Bruce Williamson against Sanford Mann to recover their three-fourths of the 24 acres of land and for a division of the tract. Sanford

Mann bought the land from Dr. Wm. Floyd. Dr. Floyd obtained title to it in this way: In the year 1893 A. H. Williamson, the father and his daughter, Louella, who was then of age, brought a suit in the Taylor circuit court against the three infant children. It was alleged in the petition that the father waived and relinquished all his right of curtesy in the land, and that it was owned by the four children, each holding a one-fourth interest in it. It was also alleged in the petition that the share of each of the owners of the land was of value less than $100, that the land could not be divided without materially impairing its value, and that a sale of it would redound to the interest of the infants. The process was served. A guardian ad litem was appointed for the infants. He filed his report. Proof was taken, and, the case being regularly submitted on January 7, 1893, the court adjudged the land sold, and directed the commissioner to take a bond for the purchase money payable to himself for such uses as the court might direct. On the next day a supplemental judgment was entered, by which it was adjudged that the land ordered to be sold was subject to the life estate of A. H. Williamson, and the commissioner was directed to sell it subject to his life estate, the order reciting that his life estate had been conveyed to Dr. William Floyd. Under this judgment the commissioner advertised the sale of the 24 acres of land as directed by the original judgment. At the next term he filed his report showing this fact, and also showing that he had sold three-fifths of the tract of land, and not the whole tract absolutely or subject to the life estate of A. H. Williamson. The report of the sale was confirmed and the court then directed the cost paid out of the purchase money, and the balance of the fund paid over

to the three children, who were made defendants to
the action. Bruce Williamson had arrived at age,
and his part of the money was ordered to be paid to
him. The other two children not having arrived at
age, the commissioner was ordered to pay their part
of the money to their guardian when the guardian was
appointed. After this A. H. Williamson executed a
bond in the Taylor county court as guardian of the
two infant children, but no order was entered ap-
pointing him guardian. The commissioner paid him
the money coming to them, and he afterward died
without making any settlement of his accounts or ac-
counting to them for the money. After this, the land
was ordered conveyed to Dr. Floyd, who was the
assignee of the purchaser's bid, and the deed was
accordingly made. Dr. Floyd held the land for many
years, and afterward conveyed it to Mann, who now
holds it. On the same day that the suit referred to
was filed A. H. Williamson and his daughter, Louella,
executed a deed to Dr. Floyd for the land, and cove-
nanted in the deed that they would obtain for him a
deed for the interest of the three infant children.

The only question to be determined in the case is
whether the sale of the land of the infants in the
judicial proceeding above referred to was void. If
it was merely erroneous and not void, their remedy
was to open the judgment; and, as they failed to do
this within the time allowed by law, they are bound
by it unless it was void. Their action proceeds on
the sole ground that the judgment and sale were void.
If the original judgment had stood, and there had
been no supplemental judgment, and the land had
been sold under the original judgment, a very differ-
ent question would be presented. But the supple-
mental judgment entered on the next day must be

taken as a part of the judgment of the court as fully
as if it had been entered in the original judgment.
The effect of the judgment as thus amended was
to direct the commissioner to sell the land sub-
ject to the life estate of A. H. Williamson. The
commissioner, as shown by his report of sale, did
not sell the land subject to the life estate of
A. H. Williamson. He sold an undivided three-fifths
of the land absolutely, and the court divided the pur-
chase money between the three infant children. This
shows that the whole land was not sold, and that
this was so understood at the time. The power of
a court of equity to sell the land of an infant is
wholly statutory. Except as provided by the stat-
ute, the chancellor is without power to sell an infant's
land, and, when he is without jurisdiction, his sale
is void. By section 490 of the Civil Code of Prac-
tice a vested estate in real property jointly owned
by two or more persons may be sold by order of a
court of equity in an action brought by either of
them if the share of each owner is worth less than
$100. The proceeding was evidently brought under
this section, but it only authorizes a sale of the
property where the share of each owner is worth less
than $100. It does not authorize the chancellor to
sell the interest of the infants alone in the land; for
the purpose of the statute is that the whole property
shall be sold and the proceeds divided so that the loss
that might otherwise fall on the infants from the
sale of an undivided interest may be avoided. The
court was without jurisdiction under this statute to
sell three-fifths of the property or to sell the whole
property subject to the life estate of A. H. William-
son. The statute contemplates a sale of the prop-

erty. There was no effort in the proceeding to conform to the provision of any other section of the Code. No bond was executed to the infants as provided by section 493. The commissioner was without authority even under the judgment to sell three-fifths of the land, and it cannot be told from the record, except by bare conjecture, that the interest of the infant defendants in the land was sold at all. We therefore conclude that the sale was void, and passed to Dr. Floyd no title to the land as against the infant defendants except Bruce Williamson. After he was of age, he collected his part of the purchase money, and, after he was of age, he allowed a deed to be made to Dr. Floyd for the land. He allowed Dr. Floyd to hold it as his own for many years without asserting any claim to it, and it has now passed into the hands of an innocent purchaser. Under the facts, he is estopped to claim any interest in the land, but the other two plaintiffs, Adelina and Carter, who were infants at the time, are entitled to recover their interest in it.

The judgment as to Bruce Williamson is affirmed, but, as to Adelina and Carter Williamson, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.