[Sac. No. 2159. Department One.—March 29, 1915.]

## CLARENCE F. ROWLEY, Respondent, v. J. O. DAVIS et al., Appellants.

[Sac. No. 2160. Department One.—March 29, 1915.]

## E. C. BAUR et al., Respondents, v. J. O. DAVIS et al., Appellants.

MORTGAGE—FORECLOSURE—POSTPONEMENT OF DETERMINATION OF CONFLICTING CLAIMS BETWEEN DEFENDANTS.—In a suit to foreclose a mortgage, it is within the sound discretion of the trial court to give the plaintiff judgment for the relief asked and postpone the determination of conflicting claims between the defendants in which the plaintiff is not interested and which do not affect the relief which he asks.

ID.—CONTROVERSY BETWEEN JUNIOR LIENORS—CLAIM OF FRAUD IN MESNE CONVEYANCES FROM MORTGAGOR.—Such practice is proper, in an action by a prior mortgagee for foreclosure, where there was a controversy between the defendants, in which he was nowise interested, with respect to their asserted junior liens on the mortgaged property, and their claims that certain mesne conveyances from the mortgagor of the mortgaged lands had been fraudulently executed.

ID.—RIGHT OF REDEMPTION NOT IMPAIRED.—Such practice would not imperil or prejudice the defendants' right of redemption. The redemption would run from the time of sale and the amounts to be paid would depend on the price paid at the sale. The postponement of the decision of the disputes between the defendants would have no direct effect upon the right of redemption.

APPEALS from judgments of the Superior Court of Yolo County and from orders refusing a new trial. N. A. Hawkins. Judge.

The facts are stated in the opinion of the court.

Pemberton & Pemberton, and J. O. Davis, for Defendants and Appellants.

J. A. Elston, and Black & Clark, for Respondents Elmer E. Nichols and Intervener, First National Bank of Berkeley.

Arthur C. Huston, for Plaintiffs and Respondents.

SHAW, J.—The two cases above entitled present the same questions upon facts identical in effect. A decision in one will determine both. In each case the appeals are from the judgment and from an order denying a new trial. We will state in detail the facts involved in case No. 2159.

Rowley's complaint stated a cause of action to foreclose a mortgage on a tract of land in Yolo County, executed by J. O. Davis and Rozina P. Davis, his wife, on March 9, 1910, to secure their note for ten thousand dollars. It contained the usual allegations and, with respect to all the defendants except the said mortgagors, it merely alleged that they had, or claimed to have, some interest or claim on the premises and that said interests or claims were subsequent to and subject to the lien of plaintiff's mortgage. The mortgage provided for the payment of reasonable fees for plaintiff's attorneys and the complaint alleged that seven hundred and fifty dollars was such reasonable fee.

The defendants, J. O. Davis, Rozina P. Davis, and E. F. Davis, appellants herein, filed an answer admitting all the allegations of the complaint, except as to the attorney's fee, and alleged that one hundred dollars was a sufficient fee. Defendant Nichols, filed an affirmative answer and cross-complaint, claiming therein certain attachment liens on the land under writs issued in actions begun in Alameda County for debts of Davis and wife, subject to plaintiff's mortgage, and alleged that certain deeds whereby the mortgaged land had been transferred from J. O. Davis and wife, through mesne conveyances, to E. F. Davis, prior to the levies of the attachments, were made with intent to defraud Nichols and

other creditors of Davis and wife and asking that said deeds be set aside and the land subjected to his attachments. The First National Bank of Berkeley, by leave of court, filed a complaint in intervention, alleging a judgment lien on the land, subordinate to plaintiff's mortgage, and likewise attacking the aforesaid transfers to E. F. Davis, and asking that they be adjudged fraudulent and void. The plaintiff answered the pleadings of the said defendants, denying the allegations of each of them. The appealing defendants demurred to the pleadings of said codefendants and intervener, but they have not filed answers thereto and no ruling has been made on the demurrers. In this condition of the pleadings the court, on motion of the plaintiff and over the objection of the appellants, proceeded to try the issues arising upon the plaintiff's complaint and the answers thereto, without at the same time trying the issues upon the cross-complaint aforesaid, its announced intention being to reserve said controversies between the defendants for future determination in the cause. It thereupon made findings that five hundred dollars was a reasonable fee for the plaintiff's attorneys, which finding is not attacked, and declaring that no determination was made of the issues upon the other pleadings aforesaid. A decree foreclosing the plaintiff's mortgage and for the sale of the land was thereupon made, expressly saving the rights of the defendants and the intervener, or either of them, to any surplus remaining of the proceeds after satisfying the plaintiff's debt and costs, and providing that such surplus, if any, should be paid into court to be distributed to the respective defendants as their interests might subsequently be made to appear and as the court should subsequently determine.

The sole point presented in support of these appeals is that the court erred in proceeding to trial, determination, and adjudication of the case, upon the plaintiff's complaint, and in entering judgment thereon, without, at the same time trying and adjudicating the respective rights of Nichols and the bank to their asserted liens on the land and their cross-actions to set aside said conveyances.

The appellants rely on the cases of *Doudell* v. *Shoo,* 159 Cal. 454, [114 Pac. 579], *Stockton etc. Works* v. *Glenn Falls Ins. Co.,* 98 Cal. 557, [33 Pac. 633] ; *Hibernia etc. Soc.* v. *London etc. Co.,* 138 Cal. 260, [71 Pac. 334], and *Fox* v.

*Hale etc. Co.,* 112 Cal. 571, [44 Pac. 1022], wherein certain
statements are made to the effect that there should be but
one final judgment in an action. The statement was made in
*Doudell* v. *Shoo* in answer to the claim that the judgment
therein referred to was not interlocutory in character. In
*Stockton* v. *Glenn Falls Ins. Co.,* the point decided was that
an order in the form of a judgment, and merely purport-
ing to dispose of one of the defenses to the action was not
appealable as a final judgment. In *Hibernia* v. *London,* the
decision was that a junior lienholder was a proper party
defendant to a foreclosure suit, and that this being so, the
court had power therein to adjudge the validity of his lien.
In the Fox case, the court merely interpreted its own judg-
ment upon a previous appeal, saying that it required a re-
trial of the other issues before final judgment, although its
previous judgment had directed a particular judgment below
upon one of such issues. These cases were all doubtless prop-
erly decided, but they cannot be regarded as decisive of or
applicable to the question presented in the present case.

We think it is within the sound discretion of the trial
court in a foreclosure suit to give the plaintiff judgment for
the relief asked and postpone the determination of conflict-
ing claims between the defendants in which the plaintiff is
not interested and which do not affect the relief which he
asks. (*Stockton etc. Soc.* v. *Harold,* 127 Cal. 620, [60 Pac.
165].) The practice has been approved and the power of
the court in that respect declared in other jurisdictions.
(*Kenney* v. *Apgar,* 93 N. Y. 546; *Jackson* v. *Dutton,* 46 Fla.
517, [35 South. 74]; *Alabama etc. Co.* v. *Robinson,* 72 Fed.
708, [19 C. C. A. 152]; *First Nat. Bank* v. *Shedd,* 121 U. S. 74,
[30 L. Ed. 877, 7 Sup. Ct. Rep. 807]; *Wheeler* v. *Van Kuren,*
1 Barb. Ch. (N. Y.) 490; *Renwick* v. *Macomb,* Hopkins Ch.
(N. Y.) 277.) In *McClain* v. *Hutton,* 131 Cal. 145, [61 Pac.
273, 63 Pac. 182, 622], this court, itself, on appeal, directed
the entry below of a judgment similar in this respect to the
one given in this case. We are of the opinion that the court
has power, in an appropriate action and in furtherance of
justice, to postpone the disposition of conflicting claims of
the defendants in a foreclosure suit, when they do not affect
the plaintiff's rights.

The facts appearing in this case fully justify the course
pursued. There was no defense to plaintiff's action. He

was in nowise interested in the controversy between the defendants either with respect to their asserted liens on the property or their claims, that the deeds referred to were fraudulently executed. Indeed, it could be said with some reason that a suit by Nichols, or the bank, against the Davis family to set aside a deed as fraudulent to creditors has no necessary place in an action by a third person to foreclose a prior mortgage on land belonging to Davis. It further appears that in the attachment suits of defendant Nichols against Davis and wife appeals have been taken from orders refusing to dissolve the attachments, that said appeals and said actions are still pending, that Davis and wife had begun an action in Alameda County against Nichols to cancel the notes on which the Nichols actions were based, that judgment therein had been given against them from which they had appealed, and that said appeal was also pending. The plaintiff not only had no interest in these disputes but he had no power to end or control them. The litigation was of a character which usually engenders bitter feeling and continues many years. It was both just and reasonable to give the plaintiff the relief which all parties admitted he was entitled to, and not compel him to wait the termination of litigation of that character before enabling him to recover a just debt. There is no force in the argument of the appellants that such practice would be improper because it would imperil or prejudice the defendants' right of redemption. The redemption would run from the time of sale and the amounts to be paid would depend on the price paid at the sale. The postponement of the decision of the disputes between the defendants would have no direct effect upon the right of redemption. We are satisfied that the court wisely exercised its discretion in this instance.

In case No. 2160, Baur and others have sued to foreclose a mortgage given by Davis and wife on another tract of land in Yolo County, to secure a debt of seven thousand dollars. The same persons were made defendants and the pleadings, proceedings, and judgment were in all material particulars the same as those in No. 2159 aforesaid. The same principles and conclusions apply to that case as to the other.

The judgment in each case and the orders denying a new trial in each case, are, respectively, affirmed.

Lawlor, J., and Sloss, J., concurred.