[S. F. No. 7042.  In Bank.—June 25, 1917.]

## H. D. BROWN, Appellant, v. STERLING FURNITURE COMPANY (a Corporation), Respondent.

APPEAL—JUDGMENT OF NONSUIT.—Under section 581 of the Code of Civil Procedure, as amended in 1907, a judgment of nonsuit, as distinguished from a judgment of dismissal usually following an order of nonsuit, is appealable.

ID.—MOTION FOR NONSUIT—GROUNDS MUST BE STATED.—Under that section, as amended, it is still necessary for the party moving for a nonsuit to state in his motion precisely the grounds upon which he relies.

ID.—ORDER REFUSING TO ENTER DEFAULT.—An order refusing to enter a defendant's default is not appealable.

APPEALS from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing to enter a default. George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Arthur Crane, for Appellant.

J. M. C. Murphy, and Jos. P. Lucey, for Respondent.

HENSHAW, J.—Plaintiff appeals from the order or judgment of nonsuit given against him, and also from the order of court refusing to enter the default of the defendant arising from its failure to plead to the amended complaint filed by plaintiff with leave of court. The circumstances, in brief, are that plaintiff at the conclusion of the testimony which he offered sought and obtained leave of court to file an amended complaint to conform to his proofs. This permission was granted and under it the amended complaint was filed. Discussion arose between court and counsel, the attorney for the defendant insisting that without regard to the sufficiency of the amended complaint no evidence had been introduced to sustain its material allegations. Appellant's attorney declared that these statements were "more like an argument for a nonsuit than a motion to strike out."

"By the Court (to Mr. Murphy) : Do you move for a nonsuit?

"By Mr. Murphy: Yes, your Honor.

"By the Court: Motion to strike out amended complaint will be denied and motion for nonsuit will be granted."

Section 581 of the Code of Civil Procedure as amended in 1907 now declares that "An action may be dismissed, or a *judgment of nonsuit* entered in the following cases: . . . 5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. . . . The dismissals mentioned in subdivisions three, four, and five of this section must be made by orders of the court entered upon the minutes thereof, *and are effective for all purposes when so entered."* The italicized words direct attention, first, to the fact that in terms our law recognizes "a judgment of nonsuit" as distinguished from a judgment of dismissal, and further declares that the order of nonsuit entered upon the minutes of the court constitutes this judgment of nonsuit, since the law declares that such an order so entered is "effective for all purposes." In the present state of the law, then, it would appear that such a judgment of nonsuit, as distinguished from a judgment of dismissal usually following an order of nonsuit, is appealable.

No change, however, has been worked in the uniform and settled law of this state that the party moving for a nonsuit must state in his motion precisely the grounds upon which he relies. (*Sanchez* v. *Neary,* 41 Cal. 487; *Coffey* v.

*Greenfield,* 62 Cal. 608; *Shain* v. *Forbes,* 82 Cal. 582, [23 Pac. 198]; *Bronzan* v. *Drobaz,* 93 Cal. 650, [29 Pac. 254]; *Durfee* v. *Seale,* 139 Cal. 607, [73 Pac. 435]; *Coghlan* v. *Quartararo,* 15 Cal. App. 668, [115 Pac. 664].) This was not done.

The judgment of nonsuit is therefore reversed.

The appeal from the court's order refusing to enter defendant's default requires but the briefest notice. It is not an appealable order. It should be added that it is manifest that the trial court having both matters before it at the same time, and intending to grant the motion for a nonsuit, through inadvertence only, made the ruling complained of. In any future proceeding had before that court it will grant permission to the defendant to answer the amended complaint.

Shaw, J., Sloss, J., Melvin, J., Lorigan, J., and Angellotti, C. J., concurred.