[Civ. No. 6826.   Second Appellate District, Division Two.—September 10, 1929.]

E. M. BENGEL, Appellant, v. WILLIAM I. TRAEGER, Respondent.

Chas. M. Easton for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondent.

CRAIG, J.—An action of the appellant against the respondent was tried in the Superior Court of Los Angeles County on October 25, 26, 29 and 30, 1928, on which last-mentioned date, the respondent's counsel having moved for a nonsuit, the minutes of the clerk recite: "Defendants' motion for nonsuit as to defendant Wm. I. Traeger in case No. 201623 is by the court granted." A formal judgment of nonsuit was signed and filed in said court on January 2, 1929, and was entered in book 701, at page 224, of Judgments, on the day following. The plaintiff appealed on March 26, 1929, "from that certain judgment of nonsuit therein made, rendered and filed in the said superior court, and docketed and entered therein on January 3rd, 1929." The respondent moved this court for a dismissal of the appeal, assigning as grounds therefor that it was not filed until after the judgment had become final, and that the time for appeal expired sixty days after October 30, 1928. The appellant contends that such time did not commence to run until the judgment was entered. Both parties rely upon section 581 of the Code of Civil Procedure, which reads as follows:

"An action may be dismissed, or a *judgment of nonsuit entered,* in the following cases: . . .

"5. By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. . . .

"The dismissals mentioned in subdivisions three, four, and five of this section must be made by order of the court *entered upon the minutes* thereof *and are effective for all purposes when so entered;* but the clerk of the court must note such orders in his register of actions in the case." (Italics ours.)

It is contended by the appellant that the "entry" of the fact that a nonsuit is granted must, for the purposes of appeal, be made in the same manner as is done in rendering any judgment upon the merits of the case effective for that purpose. Section 939 of the Code of Civil Procedure provides that: "An appeal may be taken from any judgment or order of a superior court from which an appeal lies under any provision of this code, or of any other code, or under any other statute, *within sixty days from the entry* of said judgment or order." (Italics ours.)

■ Conceding, for the sake of argument, that appellant's theory was correct, it would not aid him, since he admits that the formal judgment was entered in the office of the clerk on January 3d, and that he did not appeal until March 26th. ■ But we think the reading of the sections quoted is too plain to require extended discussion. Section 939 of the Code of Civil Procedure requires that an appeal be taken within sixty days from the entry of a judgment or order. Section 581 provides that a judgment of nonsuit may be entered upon the minutes of the court when the plaintiff fails to prove a sufficient case, and while the clerk must note it in the register of actions in the case, the entry upon the minutes is "effective for all purposes *when so entered*." This interpretation of section 581 was expressed in *Commins* v. *Guaranty Oil Co.*, 29 Cal. App. 139 [154 Pac. 882], wherein it was said:

"It would seem, under the present state of the law, that none of the orders or judgments provided to be made by section 581 of the Code of Civil Procedure need be entered in the judgment book at all or appear in any record except that containing the minutes of the court. This conclusion is sustained by the decisions of *Matthai* v. *Kennedy*, 148 Cal. 699 [84 Pac. 37], and *Pacific Paving Co.* v. *Vizelich*, 141 Cal. 4 [74 Pac. 352]. We do not believe that a formal judgment of dismissal must follow the order or judgment of nonsuit, for the judgment of nonsuit in itself constitutes a dismissal of the action."

It may also be said that, in addition to making an entry in the minutes effective for all purposes, said section merely specifies a clerical duty of noting it in the register of actions. Judgments entered and docketed in compliance with sections 664 and 672 of the Code of Civil Procedure are decisions of the court. If a nonsuit be granted no decision is rendered in favor of either of the parties. *Ferris* v. *Baker*, 127 Cal. 520 [59 Pac. 937], cited by appellant, reserved decision of the question before us, and is not applicable.

The facts here are different from those presented in *Gullick* v. *Interstate Drilling Co.*, ante, p. 243 [279 Pac. 828], where entry of a minute order did not appear to have been made.

The motion to dismiss is granted. The appeal is dismissed.

Works, P. J., and Thompson (Ira F.), J., concurred.