[Civ. No. 6498.  Second Appellate District, Division One.—May 27, 1931.]

ALBERT D. LEWIS et al., Appellants, v. HAMMOND LUMBER COMPANY (a Corporation), Respondent.

Hare & Walden and Michael Rudolph for Appellants.

Holbrook, Taylor, Tarr & Horton and R. L. Horton for Respondent.

THE COURT.—On petition for rehearing, counsel for respondent contend that the appeal should be dismissed, upon the ground that the notice of appeal was not served within the time provided by law, and therefore that this court is without jurisdiction of the cause. We are of the opinion that this objection, although late in presentation, must be sustained.

The minutes of the court show that at the conclusion of the plaintiffs' case, on October 10, 1928, "Defendant's motion for a nonsuit is by the court granted." The notice of appeal, which was not filed until December 11, 1928, purports to give notice of an appeal from a judgment entered on the twentieth day of October, 1928. Not only do the minutes of October 10th contain the statement above quoted, but the formal "judgment of nonsuit" entered on October 20th, recites the fact of the motion for nonsuit on October 10th, and the grounds thereof, and that "the said motion was granted and the said case was dismissed by the court". ■ No entry of such a judgment of nonsuit is required, other than the entry in the minutes. (Code Civ. Proc., sec. 581.) For an accurate statement of the procedure, see *Bengel* v. *Traeger,* 100 Cal. App. 526 [280 Pac. 538]. There seems to be no doubt that an appeal may be taken from an order granting a nonsuit, duly entered in the minutes, without regard to the existence of a subsequent formal entry of judgment. This is so, because the order granting the nonsuit "amounted in legal effect to a judgment of nonsuit". (*Henry* v. *Lingsweiler,* 81 Cal. App. 142 [253 Pac. 357].) ■ It follows logically that the time for appeal begins to run from the date of entry of the original minute order. The decision in *Estate of Yale,* 208 Cal. 102 [280 Pac. 358], is not applicable here. In that case, by reason of particular circumstances relating to a series of orders made prior to complete disposition of the cause, it was held that the so-called minute orders of nonsuit "were intended by the trial court, and must have been understood by the parties, to be and to serve merely as memoranda affording data from which a proper final judgment might thereafter be drafted disposing of the entire

cause". No such situation is shown by the record in the present case.

The petition for rehearing is granted. The appeal is dismissed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1931, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1931.