[Civ. No. 395. Fourth Appellate District.—April 28, 1932.]

LESLIE TROMANHAUSER, Appellant, v. B. H. GRISEMER, Respondent.

Harry A. Wishard for Appellant.

Guy Knupp for Respondent.

THOMSON, J., *pro tem.*—This is an action for damages. The first four causes of action are for damages for slander and the fifth cause of action is for damages for false imprisonment. The case came on for trial before a jury December 18, 1930. After plaintiff had rested on the first four causes of action, defendant made a motion for a nonsuit as to each of the causes of action in said complaint, and the motion was granted as to the first, second, third and fourth causes of action and denied as to the fifth cause. By stipulation of the parties the jury was then discharged and the trial proceeded before the court without a jury on the fifth cause of action and, after the matter had been submitted on briefs filed by the respective parties, judgment was rendered for defendant on said fifth cause. Findings of fact and conclusions of law were filed on February 21, 1931, and the judgment was entered on February 24, 1931. The order of the court granting the nonsuit on the first four causes of action was entered by the clerk in the minutes of the court on December 18, 1930, and on the same day the clerk noted such order in the register of actions. The notice of appeal was filed March 31, 1931, the material portion of which is as follows: "Notice is hereby given that the plaintiff, Leslie Tromanhauser, does hereby appeal . . . from the judgment heretofore rendered in the above entitled action and from the whole thereof. Said judgment was entered on the 24th day of February, 1931." No appeal was taken from the order granting the nonsuit.

Appellant seeks a review by this court of the trial court's action in granting respondent's motion for a nonsuit, but offers no objection to the judgment so far as it relates to the fifth cause of action and, in fact, has not included in the record on appeal any transcript of evidence relating to said fifth cause of action. Respondent, however, contends that no valid appeal has been taken from the judgment of nonsuit on the first four causes of action, basing his contention on section 581 of the Code of Civil Procedure, the material portions of which are as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: . . . (5). By the court, upon motion of the defendant, when upon the trial the plaintiff fails to prove a sufficient case for the jury. . . . The dismissals mentioned in subdivisions three, four and five of this section must be made by orders of the court entered upon the minutes thereof, and are effective for all purposes when so entered; but the clerk of the court must note such orders in his register of actions in the case."

We are of the opinion that respondent's contention is meritorious and that the trial court's action in granting such nonsuit cannot be reviewed on this appeal. Since the amendment of 1897 to the foregoing section, which added the last sentence of said section above quoted, none of the orders or judgments provided to be made by the court under said section need be entered in the judgment-book or appear in any record except that containing the minutes of the court. It should be mentioned in passing that, in addition to the entry of the order in the minutes, the statute also specifies a clerical duty of noting it in the register of actions, but in case the clerk should neglect this ministerial duty, it would not affect the validity of such order of nonsuit as a final judgment (*Marks* v. *Keenan,* 140 Cal. 33, 34 [73 Pac. 751]). The statute now provides that the entry of the order of nonsuit is "effective for all purposes". The entry of the order, therefore, is equivalent to a final judgment and it finally disposes of the matter to which it relates. It is not necessary that a formal judgment of dismissal follow the order granting the motion for a nonsuit. The order of nonsuit, when entered in the minutes of the court, constitutes the judgment of nonsuit and is a dismissal of the action, or those causes of action to which it relates, since the statute declares that such an order so entered in the minutes is "effective for all purposes". Otherwise the words last quoted would be meaningless. (9 Cal. Jur., p. 565; *Bengel* v. *Traeger,* 100 Cal. App. 526, 528 [280 Pac. 538]; *Burks* v. *Bronson,* 58 Cal. App. 143, 144 [207 Pac. 1018]; *Brown* v. *Sterling Furniture Co.,* 175 Cal. 563 [166 Pac. 322]; *Commins* v. *Guaranty Oil Co.,* 29 Cal. App. 139, 140, 141 [154 Pac. 882].) It is apparent that the statute contemplated that the order granting a nonsuit should be final, for it provides that "a *judgment* of nonsuit" may be entered. The

language of the statute nowhere indicates that the "judgment of nonsuit" is only an intermediate step which must be followed by a more formal decree to become final. (*Brown* v. *Sterling Furniture Co., supra; Henry* v. *Lingsweiler,* 81 Cal. App. 142, 144 [253 Pac. 357].)

This proceeding under said section 581 must be distinguished from judgments entered and docketed pursuant to sections 664, 671 and 672 of the Code of Civil Procedure, which refer to decisions of the court in favor of either of the parties; whereas, if a nonsuit is granted, there is really no decision in favor of either party. (*Bengel* v. *Traeger, supra.*)

In the case at bar the formal findings of fact and conclusions of law filed February 21, 1931, recite the fact that, when the plaintiff rested his case, the defendant moved for a nonsuit, which motion was argued, submitted to the court and granted by the court; and the formal judgment filed February 24, 1931, recites the fact that such motion was granted and the nonsuit as to said first four causes of action entered herein. The formal judgment did not purport to grant the nonsuit. There is nothing in the findings or conclusions of law or the judgment entered thereon to indicate that the order granting the nonsuit as entered in the minutes was in any way not final. In fact, the language used in the findings and conclusions of law and in the judgment thereon shows that the entry of the order of nonsuit in the minutes was a final disposition of said first four causes of action.

The entry of the order of nonsuit in the minutes being in its nature a final judgment and being "effective for all purposes", it must be so treated for the purpose of appeal. It therefore follows quite logically that the time within which an appeal may be taken from said judgment of nonsuit begins to run from the date of such entry in the minutes. (*Matthai* v. *Kennedy,* 148 Cal. 699, 700 [84 Pac. 37] ; *Lewis* v. *Hammond Lumber Co.,* 114 Cal. App. 390 [300 Pac. 49].) The judgment of nonsuit in the case at bar was entered in the minutes of the trial court on December 18, 1930. Notice of appeal herein was filed on March 31, 1931, more than sixty days after such entry of said nonsuit in the minutes and therefore the purported appeal from the judgment of nonsuit was taken after said judgment of nonsuit had become

final. Consequently such purported appeal is ineffectual (Code Civ. Proc., sec. 939).

In view of our decision on the question of the purported appeal from the order of nonsuit, a review of the trial court's action in determining the motion for a nonsuit and of the other matters presented in the briefs on appeal would present merely moot questions, for the reason that, regardless of the conclusion to which such a review might lead, the judgment of nonsuit, having become final, could not be disturbed. (*Finch* v. *Ekstrom*, 115 Cal. App. 381 [1 Pac. (2d) 516].)

The purported appeal, in so far as it relates to the nonsuit entered on the first, second, third and fourth causes of action, is dismissed, and the judgment on the fifth cause of action is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 19, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1932.