[Civ. No. 8932.   Second Appellate District, Division Two.—December 31, 1934.]

HELEN   HOVEY   NULSEN,   Appellant,   v.   HAZEL   L. NULSEN et al., Respondents.

Dan V. Noland and Alfreda M. Noland for Appellant.

Burke & Ball and John H. Burke for Respondents.

WILLIS, J., *pro tem.*—Appellant, plaintiff below, brought suit against respondents to recover damages for alienation of her husband's affections. On the trial before a jury the court granted respondents' motion for nonsuit. Appellant moved for a new trial, which motion was denied, and she has appealed from both the order granting nonsuit and the order denying motion for new trial. ■ The latter order is nonappealable but it may be reviewed on the appeal from the order granting nonsuit. ■ This order was duly entered on the minutes, and this amounted in legal effect to a judgment of nonsuit, from which an appeal properly lies. No other or formal judgment of nonsuit is required. (Sec. 581, Code Civ. Proc.; *Brown* v. *Sterling Furniture Co.*, 175 Cal. 563 [166 Pac. 322]; *Lewis* v. *Hammond Lumber Co.*, 114 Cal. App. 390 [300 Pac. 49]; *Tromanhauser* v. *Grisemer*, 123 Cal. App. 153 [11 Pac. (2d) 32].)

Respondents in their respective answers pleaded consent and connivance of appellant to the withdrawal of her husband's affections and the transfer thereof to respondent Hazel L. Nulsen, and that appellant's cause of action was barred by the provisions of section 340, subdivision 3, of the Code of Civil Procedure. Both these defenses were adopted and made a part of the grounds of the motion for nonsuit herein. Appellant contends that it was error for the court to entertain and consider such defenses in passing upon the motion for nonsuit. ■ Upon the determination of such a motion

all the evidence produced on behalf of the plaintiff, both on direct and cross examination, must be considered. Evidence elicited on cross-examination is regarded as testimony on the part of the party calling the witness. (*Brown* v. *Chevrolet Motor Co.,* 39 Cal. App. 738 [179 Pac. 697].) A court may grant a motion for nonsuit whenever the evidence brought out upon the direct or cross examination of the plaintiff so conclusively establishes a defense that the court might properly grant a new trial in case of a verdict in his favor upon like evidence. (*Crebs* v. *Uplifters Country Home,* 133 Cal. App. 88 [23 Pac. (2d) 807].)

■ Appellant's own testimony herein revealed that she consented to her husband leaving her and going away to another state with respondent Hazel L. Nulsen, to there obtain a divorce and to marry such respondent. This was sufficient to sustain the order for nonsuit. ■ The defense of the statute of limitations being properly pleaded, that also is sufficient to sustain the order for nonsuit if the facts clearly establish the bar. (*Patterson* v. *Doe,* 130 Cal. 333 [62 Pac. 569]; *Fall* v. *Lincoln Mortgage Co.,* 115 Cal. App. 651 [2 Pac. (2d) 58].) It appears from plaintiff's evidence and the face of the record that the complaint herein was filed more than one year after plaintiff's cause of action accrued. This constitutes a complete defense as a matter of law, and in the absence of an offer by plaintiff to furnish further proofs to toll or avoid the bar of the statute, the motion for nonsuit was properly granted.

■ The motion for new trial was properly denied. We have examined the rulings of the court on admissibility of evidence, assigned as error herein, and find no error in such rulings.

The appeal from the order denying the motion for new trial is dismissed and the order granting nonsuit is affirmed.

Stephens, P. J., and Crail, J., concurred.