[L. A. No. 18830. In Bank. Dec. 5, 1944,]

WILLIAM M. NICHOLSON et al., Appellants, v. MABEL SCOTT HENDERSON, as Administratrix, etc., Respondent.

Earl Oakley and George R. Wickham for Appellants.

William H. Haupt for Respondent.

CURTIS, J.—Appellants, plaintiffs in this action filed a complaint seeking to impress a trust and to quiet title to a parcel of land. Subsequently they filed an amended complaint in which they asked for the same relief. We will refer to plaintiffs' final pleading as the complaint rather than as the amended complaint. Respondent, the defendant, filed an answer to the complaint, and also sought by cross-complaint to have her title quieted to the same parcel of land described in the complaint. During the trial, the court granted respondent's motion for a nonsuit on the complaint, which order was entered in the clerk's minutes on March 12, 1943. The entry reads, ''Defendant's Motion for a nonsuit on the Complaint is granted on the grounds of insufficiency of the evidence.'' After the granting of respondent's motion for a nonsuit, the cause proceeded to trial on the cross-complaint and answer thereto. When the trial was completed, judgment was entered upon the cross-complaint alone in favor of respondent. The judgment was dated March 22, 1943, and contains, among other matters, the following recitals: ''The above-entitled cross-complaint, and the action thereon, duly and regularly came on for trial before the above-entitled court . . . William H. Haupt, Esq., appearing for the cross-complainant, and Messrs. Earl Oakley, Esq., and George R. Wickham, Esq., appearing for the cross-defendants, and evidence having been adduced, . . . and the court having duly made and caused to be filed herein written findings of fact and conclusions of law . . .

''It is ordered, adjudged and decreed that the title of the cross-complainant . . . in and to the following described property, . . . be, and it hereby is, forever quieted as against the cross-defendants. . . .'' Then follows a description of the real property involved in this action and a decree that cross-complainant recover from the cross-defendants her costs.

The appeal is from "that certain judgment herein made and entered . . . in favor of said cross-complainant . . . and against said cross-defendants . . .," which judgment was entered on the 23d day of March, 1943.

The respondent contends that this purported judgment is one based solely on the issues made by the cross-complaint and the answer thereto, and does not include any adjudication by the trial court of the issues arising out of the complaint in said action; that the issues arising out of the complaint were definitely and finally adjudicated by the court in its order granting a nonsuit. Therefore respondent contends that the only matters which may be reviewed on this appeal are those put in issue by the cross-complaint and cross-defendants' answer, and that the appellants are precluded from raising any question involving the issues arising out of the complaint and finally decided adverse to appellants by the order of the court granting defendant's motion for a nonsuit. In other words, it is the position of respondent that there were two judgments rendered in said action: one being the order granting the nonsuit, which was regularly entered in the minutes of the court on March 12; and the other being the formal judgment on the cross-complaint rendered by the court on March 22 and entered on March 23.

The reporter's transcript shows that at the conclusion of plaintiffs' evidence in support of their complaint the defendant moved for a nonsuit, and that after argument of counsel the following proceedings were had:

"The Court: The motion is granted.

"Mr. Haupt: Judgment will be entered for defendant on the complaint?

"The Court: Yes."

The minutes of the court contain the following statement: "Defendant's Motion for a nonsuit on the Complaint is granted on the grounds of insufficiency of the evidence." No further or formal judgment of nonsuit was ever entered after the entry of the order.

Immediately following the proceedings just set forth, the defendant or cross-complainant proceeded to introduce evidence in support of her cross-complaint. Thereafter the cross-defendants failed to put in any further evidence, and a formal judgment signed by the judge was rendered in the form hereinbefore indicated.

Appellants contend that the court in answering in the af-

firmative Mr. Haupt's question "Judgment will be entered for defendant on the complaint?" intended that the order of nonsuit was a mere memorandum "affording data from which a proper final judgment might thereafter be granted." Supporting this contention appellants call attention to the formal judgment subsequently rendered and entered in said action, and they rely upon the fact that the trial court subsequently did actually enter a formal judgment. But as we have seen, this judgment does not in any manner make reference to the complaint, to any of the issues of the complaint, or to the order of nonsuit. ▮ It is so well settled in this state as to remove the question beyond dispute, that an order of nonsuit rendered by the court under the circumstances in which the order herein involved was rendered and thereafter regularly entered by the clerk in the minutes of the court, is a final order from which an appeal will lie. (*Lewis* v. *Hammond Lumber Co.*, 114 Cal. App. 390 [300 P. 49]; *Tromanhauser* v. *Grisemer*, 123 Cal. App. 153 [11 P.2d 32]; *Nulsen* v. *Nulsen*, 3 Cal.App.2d 407 [39 P.2d 509]; *McColgan* v. *Jones, Hubbard etc., Inc.*, 11 Cal.2d 243 [78 P.2d 1010].)

▮ Appellants' contention that there is a material variance between the court order of nonsuit and the entry thereof by the clerk in his minutes is without merit. A reading of the reporter's transcript shows clearly that the motion for a nonsuit was granted on the insufficiency of the evidence.

The record shows therefore that two purported final judgments were rendered in the action; one a judgment of nonsuit, the other a formal judgment on the cross-complaint, in which latter judgment no mention or reference was made either to the action on the complaint or to the order granting a nonsuit. Appellants attempt to appeal only from the formal judgment on the cross-complaint.

This condition of the record raises the question as to whether two valid final judgments may be legally rendered in this action. ▮ It is settled that as a general rule there can be only one final judgment in a single action. (*Stockton etc. Works* v. *Glens Falls Ins. Co.*, 98 Cal. 557, 577 [33 P. 633]; *Colton L. & W. Co.* v. *Swartz*, 99 Cal. 278, 282 [33 P. 878]; *Nolan* v. *Smith*, 137 Cal. 360, 362 [70 P. 166]; *Doudell* v. *Shoo*, 159 Cal. 448, 454 [114 P. 579]; *Rowley* v. *Davis*, 169 Cal. 678, 681 [147 P. 958]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 529 [246 P. 39]; *Gunder* v. *Gunder*, 208 Cal. 559, 561

[282 P. 794] ; *Middleton* v. *Finney,* 214 Cal. 523, 525 [6 P.2d 938, 78 A.L.R. 1104] ; *deVally* v. *Kendall deVally O. Co., Ltd.,* 220 Cal. 742, 745 [32 P.2d 638] ; *Mather* v. *Mather,* 5 Cal.2d 617, 618 [55 P.2d 1174] ; *Greenfield* v. *Mather,* 14 Cal.2d 228, 231 [93 P.2d 100] ; *Bank of America* v. *Superior Court,* 20 Cal.2d 697, 701 [128 P.2d 357] ; *Mather* v. *Mather,* 22 Cal.2d 713, 716 [140 P.2d 808] ; *Provident Land Corp.* v. *Bartlett,* 53 Cal.App.2d 383, 387 [127 P.2d 928] ; *Caminetti* v. *Imperial Mut. Life Ins. Co.,* 54 Cal.App.2d 514, 517 [129 P.2d 432].) There are at least two exceptions to this general rule, instances of which are to be found in two of the cases just cited: *Rowley* v. *Davis,* 169 Cal. 678, *supra,* and *Howe* v. *Key System Transit Co.,* 198 Cal. 525, *supra.* While they support the general rule that there can be but one final judgment in a single action, they point out that due to the somewhat unusual situation existing in each of those cases, it was within the discretion of the trial court to enter two final determinations on the separate issues respectively involved in those actions.

In *Rowley* v. *Davis, supra,* the plaintiff sought to foreclose a mortgage on certain real property, making parties to the action the owners of the real property and other persons claiming to be the owners of liens subsequent to plaintiff's mortgage. The owners of the mortgaged property appeared and admitted all allegations of the complaint, except that respecting attorney's fees. The trial court proceeded to try the issues arising upon the complaint and answer thereto, without trying the conflicting claims of the other defendants in said action. Findings of fact were made and a judgment was rendered in favor of the plaintiff decreeing a sale of the land and providing that, after satisfying plaintiff's claim, the surplus, if any, should be paid into court to be distributed to the respective defendants as their interests might subsequently be determined by the court.

An appeal was taken from this judgment, and in affirming the judgment this court, after approving the general rule above stated, held that (page 682) ''It was both just and reasonable to give the plaintiff the relief which all the parties admitted he was entitled to, and not compel him to wait the termination of litigation of that character [the conflicting claims to the surplus] before enabling him to recover a just debt.'' The court based its decision upon the fact that plaintiff had established his case and that the disposition of the conflicting claims of the defendants did not affect the plain-

tiff's rights. Accordingly, the court held that it was a proper procedure to enter a judgment in favor of plaintiff on his complaint foreclosing the mortgage, and that the conflicting claims of subsequent lienholders should be adjudicated in a later judgment.

In the case of *Howe* v. *Key System Transit Co., supra,* the plaintiff, a passenger on the Key System, brought suit for damages alleged to have been sustained by her in a collision between a Key System train and a car of the San Francisco-Sacramento Railroad. Both companies were made defendants, besides some forty fictitious parties sued as First Doe, Second Doe, etc. An injured employee of the Key System appeared, alleging himself to be designated a Doe defendant. He answered the complaint denying its material allegations and filed a cross-complaint against the San Francisco-Sacramento Railroad, charging that the collision was due to the negligence of the last-named company and asking for damages for injuries sustained by him in the collision against said company. The plaintiff moved to strike the cross-complaint from the files of the action. The court granted the motion and the order was entered in the minutes of the court. The defendant Doe appealed from said order, and plaintiff moved to dismiss the appeal on the ground that an appeal does not lie from an order striking a cross-complaint from the files. The motion to dismiss was denied, the court holding that the order striking the cross-complaint was a final judgment and therefore appealable. The court approved the doctrine announced in *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 98 Cal. 557, *supra,* followed by many of the other cases above cited, but held (p. 529) "that case, and others cited by respondents to the same effect, can only have application to parties to an action whose interests are identical. Separate parties, if the court in its discretion so directs, may litigate their controversies separately, and may proceed to final judgment without waiting for judgments as to other parties. [citing authorities.]"

There may be other exceptions to this general rule in addition to the two discussed in these two cases, but none has been called to our attention, and we know of no exception which would cover the facts in this case and permit two final judgments to be rendered in an action with a factual background similar to that now before us.

The plaintiffs in the present action sought to establish

a trust in their favor in the real property described in the complaint. The defendant denied plaintiffs' claim and sought to quiet her title to the same property. Had plaintiffs succeeded in the action, they would have been entitled to a decree establishing a trust in their favor in said real property. Had defendant succeeded in defeating plaintiffs' claim and establishing her own, she would have been entitled to a decree that plaintiffs take nothing by their action, and that her title to said real property be quieted. In either case one judgment would have settled the entire controversy.

To attempt to adjudicate the rights of one party by a single judgment and those of the other by a separate judgment when the controversy is between only two parties and concerns but one subject matter—a single piece of real property—is simply an attempt to dispose of the case piecemeal, a procedure which has been condemned by this court in numerous decisions as will be found in the cases of *Mather* v. *Mather,* 5 Cal.2d 617, *supra,* and *Greenfield* v. *Mather,* 14 Cal.2d 228, *supra.* In these cases and the authorities cited therein, it was held, on an appeal from one such judgment, that ''It is at once apparent that no *final* judgment was entered in the action . . . under the terms of section 963 of the Code of Civil Procedure, or otherwise. . . . The motion [to dismiss the appeal] is granted and the purported appeal is dismissed.'' (5 Cal.2d 618.)

The decisions in this state as to whether an action in which a cross-complaint is filed is a single action, or consists of two actions, are not in accord. (*Lowe* v. *Superior Court,* 165 Cal. 708 [134 P. 190] ; *Pacific Finance Corp.* v. *Superior Court,* 219 Cal. 179 [25 P.2d 983, 90 A.L.R. 384].) But whatever the rule may be respecting that question, the authorities in this state as hereinbefore cited are clearly to the effect that an action like the present one, although a cross-complaint has been filed and the matters therein stated are put in issue, is not such an action that requires, or permits, the rendition of two final judgments.

As no final judgment in this action has been rendered by the trial court, the appeal from the purported judgment on the cross-complaint is dismissed. The proper procedure to be followed by the trial court after the going-down of the remittitur, is outlined in the case of *Mather* v. *Mather,* 22 Cal.2d 713 [140 P.2d 808].

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I dissent. The record in this case shows that plaintiffs commenced an action to impress a trust on real property and to quiet title thereto. Defendant in her answer to that complaint raised the general issue by denials and by way of affirmative defenses asserted title to the property. Hence, the entire issue of the *interest in the property of both plaintiffs and defendant* was raised by the complaint and answer. Defendant also filed a cross-complaint to quiet title in herself to the *same property*. Plaintiffs in their answer to the cross-complaint made general denials but did not again plead the matter set forth in their complaint. Nevertheless, the issues raised by the cross-complaint were *no different from more extensive than those already raised by the complaint and the answer thereto.* Under those circumstances the cross-complaint was mere surplusage and served no useful purpose. Under those circumstances it was not necessary for plaintiffs to answer the cross-complaint in order to introduce evidence establishing their claim. It is said in 22 California Jurisprudence 160:

"In an action to determine adverse claims a defendant may *in his answer* set up his title and ask that he be adjudged owner of the land described in the complaint; or if he does not ask for such relief in his answer, he may file a cross-complaint demanding it. The principal reason for so doing is to prevent the plaintiff from dismissing his action without the consent of the defendant. But such practice is, ordinarily, not essential to the protection of the defendant, since a conclusion against the plaintiff upon the issues raised fully determines title as between the parties, and protects the defendant against any claim of the plaintiff as fully as would an affirmative decree in his favor. And so it has been held that the cross-complaint may in such case be treated as an answer containing affirmative matter. It has even been held that it was not error in such case to strike out the cross-complaint, or at least that any error in so doing is harmless where judgment is given for the plaintiff. On the other hand, a refusal to strike out is harmless if no judgment is rendered on the cross-complaint. There are, of course, cases in which a cross-complaint is necessary to the defendant's protection. But where

an answer denies plaintiff's ownership and avers ownership and right to possession in defendant, *a cross-complaint which in terms is but a repetition thereof, and presents no new issues, is unnecessary; the plaintiff need not plead to it, and the court need not make findings with respect thereto."* (Italics added.)

In the instant case after the plaintiffs rested on their introduction of evidence on their complaint the court granted defendant's motion for a nonsuit. Thereafter defendant introduced evidence on her cross-complaint. Thereafter plaintiffs' offer of proof in answer to the cross-complaint consisting of the evidence they had introduced on their complaint was denied upon defendants' objection. While the court probably based its denial on the proposition that the evidence was unavailing because of its previous order of nonsuit, the denial was erroneous on any other ground. It cannot be said that the proof offered was not embraced within plaintiffs' answer to the cross-complaint for under the rule above stated plaintiffs were not required to plead to the cross-complaint. It follows therefore that unless the presence of the judgment of nonsuit and the judgment on the cross-complaint is an insuperable obstacle, this court should determine the appeal on the merits considering all of the evidence introduced. That those purported two judgments are not an obstacle is clear. As stated in the majority opinion, the issues in this action involve the title to property claimed by the two parties and no new issues were presented by the cross-complaint. It must follow therefore that the two purported judgments *should be treated as one,* that the judgment of nonsuit is merged into the judgment on the cross-complaint. For all practical purposes both judgments determined the same thing. It is not like the case of *Greenfield* v. *Mather,* 14 Cal.2d 228 [93 P.2d 100], where *different* issues were determined by each of the two judgments. It is recognized that two judgments in an action may be treated as one, although only one judgment in an action is proper (*Stone* v. *Perkins,* 217 Mo. 586 [117 S.W. 717]; *Mann* v. *Doerr,* 222 Mo. 1 [121 S.W. 86]; *Williamson* v. *Mann,* 134 Ky. 63 [119 S.W. 232]), and the party who has two judgments entered in an action, as defendant did in the case at bar, cannot complain of that circumstance. (*Mann* v. *Doerr, supra; Jemo* v. *Tourist Hotel Co.,* 55 Wash. 595 [104 P. 820, 19 Ann.Cas. 1199, 30 L.R.A.N.S. 926].) If we adopt the theory of *Greenfield* v. *Mather, supra,* the same result follows. Under

the theory of that case the judgment of nonsuit in the case at bar would be void but the judgment on the cross-complaint would embrace all the issues. The defendant here is not in a position to complain of a piecemeal adjudication of the litigation because if such exists she brought it about herself. It is said in *Greenfield* v. *Mather, supra,* 233:

"To permit a litigant to deprive his adversary of an opportunity for *full appeal* by erroneously procuring the entry of successive purported partial judgment, and then having appeals from all save the last of said judgments dismissed on the ground that the cause should not have been split, *would be unfair.*" (Italics added.)

In a concurring opinion in the case of *Mather* v. *Mather,* 22 Cal.2d 713 at 720 [140 P.2d 808], I pointed out the error of this court in its decision in the case of *Greenfield* v. *Mather, supra,* and while the precise situation involved in that case is not involved in the case at bar, it is obvious that this court may reasonably and logically hold in this case that the two judgments are in effect one judgment which became effective when the last judgment was entered.

Taking this as a basis for our decision, we might well review the entire case on its merits and render a decision determining the rights of the parties without sending the case back to the trial court for the mere formality of having another judgment entered.