[Civ. No. 17521.   Second Dist., Div. One.   Oct. 24, 1950.]

EMILY CURTIS, Appellant, v. PACIFIC ELECTRIC RAIL-
WAY COMPANY (a Corporation) et al., Respondents.

Elbert E. Hensley for Appellant.

Ray L. Chesebro, City Attorney (Los Angeles), Bourke
Jones, Assistant City Attorney, Alan G. Campbell, Deputy
City Attorney, C. W. Cornell, O. O. Collins, John R. Allport
and John H. Gordon for Respondents.

WHITE, P. J.—Plaintiff brought an action for damages for personal injuries, alleging that the defendants, Pacific Electric Railway Company and city of Los Angeles, while engaged in repairing the tracks of the railway and the pavement between the tracks, at the intersection of Venice Boulevard and Wilton Street, negligently permitted a dangerous condition to exist, with the result that plaintiff fell and was injured in attempting to cross the tracks. Trial was had before the court sitting without a jury. A nonsuit was granted as to defendant city, and at the conclusion of the trial the court found in favor of the defendant railway. Plaintiff has appealed from the order of nonsuit, the judgment in favor of the railway, and from the order denying her motion for a new trial.

Some time prior to May 8, 1947, the date of the accident, the city, through its board of public works, ordered the defendant railway to change the grade of its tracks on Venice Boulevard at its intersection with Wilton Place for the reason that the center or crown of Venice Boulevard and the railroad tracks was deemed to be so high as to impede the most efficient operation of the vehicles of the Los Angeles Fire Department. Steps to remedy this condition were thereupon taken by the Pacific Electric Railway Company, under the supervision of one of its employees and also under the supervision of an agent of the city's board of public works.

The plaintiff testified that she left her home and walked westerly on the north side of Venice Boulevard towards Wilton Place, intending to board one of defendant's eastbound cars to take her to her employment in downtown Los Angeles. At the intersection of Wilton Place there were marked pedestrian crosswalks across Venice Boulevard as well as passenger loading zones. She observed that the portion of the street and crosswalk area between the tracks was torn up and excavated, and that some boards had been placed in the street parallel to the rails. She testified that both the easterly and westerly crosswalks on Venice Boulevard were excavated and obstructed. Men were working at the scene on the westerly side of the boards and a flagman was standing east of Wilton Place facing west. Plaintiff proceeded to cross Venice Boulevard to the south from the northeast corner of the intersection. She stepped on the boards a foot or so from the easterly end of the boards. As she did so an automobile crossing Venice Boulevard on Wilton Place passed over the boards, causing one of them to move up in such a manner as to trip her, with resulting injuries.

The trial court found that the defendant Pacific Electric Railway was not guilty of negligence, but that the negligence of the plaintiff was the sole proximate cause of the accident.

Appellant contends that the evidence is insufficient to support the findings and judgment. Appellant in her reply brief concedes that her appeal was ineffectual as against the defendant city, and therefore the following discussion will relate solely to the liability of the defendant railway.

Appellant contends that the evidence shows negligence *per se*, in the violation of section 62.23 of the Los Angeles Municipal Code, which requires that in making excavations of the type here involved at least one safe crossing shall be maintained at all times for vehicles and pedestrians; that the fact that the board flew up in the manner it did shows that in fact the crossing was not safe; that the accident calls for the application of the doctrine of res ipsa loquitur. Further, that the railway company is held to a higher standard of care than is ordinarily applicable by reason of the fact that plaintiff was a prospective passenger and had entered upon property of the railway en route to board one of its trains.

The various points made by appellant might well serve to support a decision in her favor had such a decision been rendered; but the situation reflected by the record in the instant case is the familiar one of a decision by a trier of fact upon conflicting evidence, or evidence from which opposing inferences might reasonably be drawn. ▮ In such circumstances, the function of an appellate tribunal begins and ends with a determination whether there is any substantial evidence, contradicted or uncontradicted, which supports the decision of the trial judge or jury. (*Estate of Bristol*, 23 Cal.2d 221 [143 P.2d 689]; *Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].) ▮ The record discloses evidence from which it could be concluded that there was a safe crossing which the plaintiff could have used on the west side of Wilton Place, but that she chose instead to cross on the east side of Wilton Place, upon a path that was outside and westerly of the marked crosswalk. Roy Church testified that he was a street use inspector for the city of Los Angeles; that he inspected the repair operations here in question every day. It was his testimony that the repair of the tracks in the westerly crosswalk was completed and a smooth surface placed within the crosswalk before work was commenced on the easterly crosswalk. Mike Duffy, a supervisor for the defendant railway, likewise testified that the work on the west

side of the intersection had been completed and "was all paved in" before work was begun on the east side where plaintiff was injured.

The record thus discloses an absolute conflict as to the condition of the intersection at the time of plaintiff's accident. The trial court, weighing the evidence, resolving the conflicts therein and also the conflicting inferences that might be drawn therefrom, found, in effect, that the defendant railway had provided a safe crossing for the plaintiff on the west side of Wilton Place in compliance with the requirements of the Municipal Code; that the railway was not negligent in the manner in which it performed the work; and that the cause of the accident was plaintiff's negligence in not using the safe westerly crossing, but in attempting to cross at a point where work was in progress.

"In reviewing the evidence . . . all conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the verdict if possible. . . . When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Crawford* v. *Southern Pacific Co., supra,* p. 429.) "The rule quoted is as applicable in reviewing the findings of a judge as it is when considering a jury's verdict. . . . Appellate courts, therefore, if there be any reasonable doubt as to the sufficiency of the evidence to sustain a finding, should resolve that doubt in favor of the finding; . . . ." (*Estate of Bristol, supra,* pp. 223, 224.)

Applying these rules to the instant case, we cannot hold that the findings and judgment are without support in the evidence.

Appellant, as heretofore noted, concedes that her appeal from the order or judgment of nonsuit with respect to the city of Los Angeles was filed too late. ■ An order granting a motion for nonsuit determines the action as between the plaintiff and the moving defendant and is the judgment in the case as between them, unless the order directs that a further written order or judgment be prepared, signed and filed; and in the absence of such direction the order granting the nonsuit is an appealable order, the time to appeal running from the date of its entry in the minutes of the court. (*Nicholson* v. *Henderson,* 25 Cal.2d 375, 378 [153 P.2d 945], and cases cited.)

For the reasons stated, the judgment in favor of defendant Pacific Electric Railway is affirmed; the attempted appeals from the order denying plaintiff's motion for a new trial and from the order or judgment on nonsuit as to defendant city of Los Angeles are, and each is, dismissed.

Doran, J., and Drapeau, J., concurred.