[Civ. No. 5263. Third Appellate District.—January 30, 1935.]

BESSIE SMITH AUFDEMKAMP, Respondent, v. ED PIERCE et al., Appellants.

[Civ. No. 5264. Third Appellate District.—January 30, 1935.]

ED PIERCE et al., Appellants, v. HENRY AUFDEM-KAMP et al., Respondents.

James E. Martin and Earl J. Opsahl for Appellants.

Benjamin Lewis for Respondents.

THOMPSON, J.—The above-entitled cases were consolidated for the purpose of trial. The first-mentioned one is a suit to quiet title to certain Los Angeles lots. The other one is an action to set aside deeds to the same lots alleged to have been executed by the defendant Henry Aufdem-

kamp to his codefendant Bessie Smith Aufdemkamp to defraud creditors. These deeds were made in fulfillment of an antenuptial contract between the parties thereto. The marriage was subsequently consummated. In the first case findings were adopted and a judgment was rendered quieting title to the lots in the plaintiff Bessie Smith Aufdemkamp. In the last-mentioned case a judgment of nonsuit was entered in favor of the defendants. From these judgments separate notices of appeal were served and filed.

The record, consisting chiefly of documentary evidence, shows that in 1925 Henry Aufdemkamp was married to Mary Aufdemkamp, who was the sole owner of all the real property which is involved in these cases, consisting of several Los Angeles lots, together with secured notes aggregating the sum of $10,700. October 17, 1925, for value received, M. J. and Sadie M. Gordon, who are strangers to these actions, executed and delivered to Henry Aufdemkamp their promissory note for the sum of $2,400, which was subsequently sold and transferred to the appellants, Ed and Lyda Pierce, about one year thereafter. This note was not paid at the time of its maturity and suit thereon was subsequently commenced against both the makers thereof and Henry Aufdemkamp, the payee. Mr. Aufdemkamp's bank account of $1400 was attached. Pending the litigation in the last-mentioned suit, a written agreement to settle the case was executed by the terms of which the attachment was released and Mr. Aufdemkamp consented that a judgment should be rendered against him in the sum of $1400, which he agreed to pay in installments of $25 per month. The attachment was released and a judgment for $1400 was accordingly rendered against him on October 30, 1931. The sum of $125 only was paid on the judgmen:. Mr. Aufdemkamp then defaulted in the payment of further installments thereon. An *alias* execution was then issued in the last-mentioned suit March 23, 1932, which was returned unsatisfied.

During the time of the transactions above related Henry Aufdemkamp filed a petition in bankruptcy, including in his schedule of liabilities and assets the Gordon note of $2,400. December 2, 1929, he was discharged in bankruptcy. April 3, 1930, his first wife, Mary, died testate, leaving to him, as her sole heir and legatee, all of her prop-

erty, including the real estate which is involved in these suits. Upon application therefor, Henry Aufdemkamp was appointed and qualified as executor of the last will of his deceased wife. July 10, 1930, Henry Aufdemkamp and Bessie Smith entered into a written antenuptial contract, by the terms of which he agreed to assign to her his entire interest in the estate of his deceased wife Mary, and to convey to Bessie Smith all of the real property which is involved in these cases, in consideration of their subsequent marriage. Pursuant to that written agreement the respondents were married July 18, 1930. Since their marriage they have resided as husband and wife in the dwelling house which is one of the properties in controversy herein. In compliance with the antenuptial agreement referred to, Henry Aufdemkamp assigned and conveyed all of his interest in the estate of his former wife, Mary, to his second wife, Bessie. Upon presentation of these conveyances to the probate court, the entire estate of Mary Aufdemkamp, deceased, was distributed to Bessie Aufdemkamp, September 17, 1931. She thereafter remained the owner and in the exclusive possession and management thereof.

September 30, 1932, the appellants commenced the suit against Henry and Bessie Aufdemkamp to set aside the conveyances to Bessie on the ground that the deeds were made for the purpose of defrauding creditors, among whom Ed and Lyda Pierce were the holders of the $1400 judgment heretofore mentioned. Thereupon Bessie Smith Aufdemkamp commenced her action to quiet title to these same lots which are involved in the last-mentioned suit. These actions were consolidated for the purpose of trial, and they were heard together. Documentary evidence supporting the facts above related was received in evidence. Henry Aufdemkamp was sworn and examined under the provisions of section 2055 of the Code of Civil Procedure. He conceded the facts heretofore related, denied that the property was conveyed to his present wife to defraud creditors, and asserted that at the time he assigned his interest in the estate of his former wife, he then owned in his own name $1400 cash which was deposited in a Los Angeles bank, together with three promissory notes for the aggregate sum of $7,200, which were secured by second deeds of trust. Assuming, without so deciding, for there is no evidence to support such a conclu-

sion, that Henry Aufdemkamp conveyed the property which may have originally been his, to his first wife, Mary, before he was adjudged a bankrupt, and that he did subsequently transfer that same property to his second wife pursuant to his antenuptial agreement with her, for the purpose of defeating the $1400 judgment, still there is no evidence in the record indicating that Bessie Smith was a party thereto, or that she had any knowledge of such fraudulent purpose. In the suit to quiet title, the only defense which was alleged or sought to be proved by the appellants is the asserted conveyance of the property to defraud creditors. The merits of both cases rest upon the same facts.

At the close of the appellants' evidence in the suit to quiet title Bessie Smith Aufdemkamp rested her cause. The court thereupon adopted findings in her favor holding that she is the owner and entitled to the possession of all of the real property involved in these suits; that the conveyances of title to the properties from Henry Aufdemkamp to Bessie Smith, as an antenuptial property settlement in contemplation of marriage, were not made to defraud creditors, and that Ed and Lyda Pierce have no right, title or interest therein. A judgment was accordingly rendered in favor of Bessie Smith Aufdemkamp quieting title to the lots in question in her.

At the close of plaintiffs' evidence in the suit to set aside the deeds of conveyance on the ground that they were made to defraud creditors, the respondents moved for a nonsuit on the ground that there is no evidence of fraud in the execution of the deeds from Henry Aufdemkamp to Bessie Smith, and particularly because the record is devoid of evidence that she had any knowledge of an intention on the part of her intended husband to defraud creditors. The motion for a nonsuit was granted, and a judgment to that effect was accordingly rendered. From these judgments separate notices of appeal were served and filed.

The appellants contend that the judgment of nonsuit in the case based on the alleged transfer of property to defraud creditors was erroneously rendered for the reason that there is substantial evidence to support the plaintiffs' cause of action; that the judgment which was rendered in the suit to quiet title is not supported by the evidence for the same reason assigned with respect to the other case, and

that the court erroneously adopted but one set of findings with relation to the suit to quiet title.

It is true that suits which have been properly consolidated for trial are ordinarily deemed to be but a single action in which it is necessary to file only one set of findings and a single judgment. (1 Cal. Jur., p. 375, sec. 52; *Stanton* v. *Superior Court*, 202 Cal. 478, 484 [261 Pac. 1001]; *Willamette Steam Mills L. & M. Co.* v. *Los Angeles College Co.*, 94 Cal. 229 [29 Pac. 629].) The consolidation of cases for the trial thereof, however, does not deprive the court of its authority to grant a nonsuit, or dismiss one of the causes on motion therefor because of an absolute failure of proof. In the present instance, after the plaintiffs had rested their case in the action based on an alleged transfer of real property to defraud creditors, a nonsuit was properly granted for lack of evidence to support the issues presented by the pleadings. A judgment dismissing that cause was accordingly rendered. That left but one cause of action in the consolidated cases in which the court was required to adopt findings. It is a well-established rule of law that findings of fact and conclusions of law are not necessary or proper when a nonsuit has been granted. (9 Cal. Jur., p. 565, sec. 40; 24 Cal. Jur., p. 934, sec. 182; *Estate of Baird,* 198 Cal. 490, 506 [246 Pac. 324].) The granting of a nonsuit under the provisions of section 581 of the Code of Civil Procedure is, in effect, a dismissal of the action. (*Lewis* v. *Hammond Lumber Co.,* 114 Cal. App. 390 [300 Pac. 49].)

The motion for a nonsuit sufficiently specified the grounds upon which the defendants relied. At the close of plaintiffs' case in the suit to set aside the deeds on the alleged ground that they were executed with the intention of defrauding creditors, the attorney for the defendants said: "I wish to urge a motion for a nonsuit . . . on the ground that the defendants Pierce in the suit to set aside an alleged fraudulent conveyance, have not proven any case whatsoever. . . . They (the plaintiffs) must prove . . . that there was an intent to defraud *by or with the knowledge of that person from whom they are seeking to take the property away.* Now in other words, in this case, they would have to show affirmatively that Mrs. Bessie Smith Aufdemkamp had knowledge, guilty knowledge, that Mr. Aufdemkamp

had tried and was trying to defraud his creditors.'' The fatal defect in the proof which was offered by the plaintiffs in that case is that there is absolutely no evidence in the record to indicate that Bessie Smith had any knowledge that her intended husband proposed to defraud his creditors by transferring to her the land in question. Proof of that knowledge on her part was absolutely necessary to establish a case of fraudulent conveyance against her. That proof was not furnished, and the defendants pointed that fact out to the court in assigning the grounds for their motion for a nonsuit.

The evidence in that case shows without conflict that Henry Aufdemkamp and Bessie Smith entered into a valid written antenuptial contract to marry conditioned upon his deeding to her the real property in controversy. Their marriage was actually consummated, and pursuant to the antenuptial contract the property was subsequently conveyed to her. The agreement to marry furnishes a sufficient valuable consideration for the transfer of the property. (27 Cal. Jur., p. 540, sec. 236; 12 Cal. Jur., p. 1021, sec. 62; *Cohen* v. *Knox*, 90 Cal. 266 [27 Pac. 215, 13 L. R. A. 711]; *La Liberty* v. *La Liberty*, 127 Cal. App. 669 [16 Pac. (2d) 681]; *Prewit* v. *Wilson*, 103 U. S. 22 [26 L. Ed. 360].) In the case last cited the late Mr. Justice Field says in that regard:

''An antenuptial settlement, though made with a fraudulent design by the settler, should not be annulled without the clearest proof of the wife's participation in the intended fraud.''

In the present case there is no evidence that Bessie Smith had any knowledge of a fraudulent design on the part of her intended husband to convey the real property to her to defraud creditors. The antenuptial agreement appears to have been executed in good faith, and their marriage was thereafter actually consummated. So far as the record is concerned they are still living happily as husband and wife. Moreover, the evidence is undisputed that the challenged conveyance of property to his intended wife did not render Mr. Aufdemkamp insolvent, or prevent him from meeting his obligations to his creditors. He testified that he still had $1400 cash in the bank and also several secured notes aggregating the sum of $7,200. It does not appear that he

owed any debts with the exception of the unpaid portion of the appellants' $1400 judgment. We are of the opinion that the court properly granted the motion for a nonsuit, chiefly for the reason that the evidence fails to show that the grantee had any knowledge of an intent on the part of her husband to defraud creditors.

In the suit to quiet title it is true that the plaintiff Bessie Smith Aufdemkamp was required to assume the burden of proving her title to the lots in question, and that she must rely on the strength of her own title rather than on the weakness of the appellants' claim. (22 Cal. Jur., p. 167, sec. 42; 51 C. J., p. 247, sec. 223.) The appellants relied on the same evidence adduced in the so-called fraudulent conveyance cause to defeat her action to quiet title. The evidence affirmatively shows that she held valid deeds of conveyance and a decree of distribution in the estate of the former deceased wife of her husband, which conveyances were made pursuant to a written antenuptial agreement to deed her the property in consideration of their marriage which was subsequently consummated. There was no evidence to the contrary. She rested her case on that showing. The court adopted findings in the suit to quiet title to the effect that Bessie Smith Aufdemkamp was the owner by virtue of the provisions of valid deeds of conveyance therefor, and in possession of the lots in dispute; that the lots were not conveyed to her with an intent to defraud the appellants, and that neither Ed Pierce nor his wife Lyda Pierce, had any right, title or interest in the property. These findings are amply supported by the evidence. Judgment was rendered accordingly.

The judgments are affirmed, respondents Henry Aufdemkamp and Bessie Smith Aufdemkamp to recover costs on appeal.

Pullen, P. J., and Plummer, J., concurred.